## MINNIE HARRISON v. SAMUEL I. HARRISON.

| 94 | 559 |
|----|-----|
| 100 | 423 |
| 94 | 559 |
| 105 | 656 |

*Divorce—Pleading—Cross-bill—Pregnancy before marriage.*

1. An answer in a divorce suit in the nature of a cross-bill, filed under Chancery Rule No. 123, must be verified in order to authorize a decree for the defendant, but, if not, it may be amended, where the proof shows an absence of collusion.

2. Pregnancy before marriage, concealed from the husband, who has not, previous to the marriage, sustained improper relations with the wife, is a fraud which is a sufficient ground for annulling the marriage, if the discovery of the fact is followed by a cessation of cohabitation, and abandonment; citing *Baker v. Baker*, 13 Cal. 87; *Reynolds v. Reynolds*, 3 Allen, 605; *Morris v. Morris*, Wright, 630; *Ritter v. Ritter*, 5 Blackf. 81; *Carris v. Carris*, 24 N. J. Eq. 516; *Sissung v. Sissung*, 65 Mich. 180.

Appeal from Gratiot. (Daboll, J.) Argued January 5 and 6, 1893. Decided February 10, 1893.

Bill for divorce. Defendant appeals. Affirmed, and case remanded, with directions to permit the defendant to

verify his answer, and for a decree in his favor annulling the marriage. The facts are stated in the opinion.

*L. B. Sawyer,* for complainant.

*C. W. Giddings (N. Leonard,* of counsel), for defendant.

HOOKER, C. J. Complainant filed her bill for divorce on the grounds of desertion, cruelty, and failure to provide. Defendant answered, denying the allegations of the bill, and asking that the marriage be annulled for fraud. The court below dismissed complainant's bill, making no mention of defendant's claim to relief.

.A discussion of the facts relied upon by complainant would subserve no useful purpose. It is sufficient to say that we think the circuit court did right in dismissing her bill. We think, however, that defendant was. entitled to relief.

The question raised by the record never having been decided in Michigan, a short statement of the facts upon which the decision is based may be advisable: The defendant, a young Russian, residing here, became engaged to complainant, then living in Russia, through correspondence induced by mutual acquaintances. On August 8, 1889, he first met her, in New York, and on the 11th of the same month they were married, cohabiting then for the first. time. In February he went east on business, and while gone she was delivered of a child. The evidence is conflicting, but we are satisfied that this was a mature child, carried the ordinary period. The defendant returned about two weeks after the birth. Complainant succeeded in convincing the defendant that it was a premature birth, telling him that—

"She had a miscarriage, and that the baby was undeveloped at birth; that she was glad he did not come home right away, when the baby was born, for he would not

have liked it, it was so small; that it weighed about four pounds, and did not have any shape to its eyes, nose, or feet; and that it was wonderful how it got developed in two weeks' time."

They lived together in apparent harmony until August 14 following, when defendant again went to New York; and the next day she (complainant) left, after making an arrangement with defendant's brother, through whom she obtained some money. On defendant's return he first ascertained the truth about the child, and upon her return, some days later, he refused to live with her.

The proof convinces us that complainant was *enceinte* at the time of her marriage, and that she succeeded in making him believe that the child, born something over six months after the marriage, was premature and legitimate; and we see no evidence of condonation or of cohabitation after discovery of the truth.

Pregnancy before marriage, concealed from the husband, who has not, previous to marriage, sustained improper relations with the wife, is a fraud which is a sufficient ground for annulling the marriage, if the discovery of the fact is followed by a cessation of cohabitation, and abandonment. *Baker v. Baker,* 13 Cal. 87; *Reynolds v. Reynolds,* 3 Allen, 605; *Morris v. Morris,* Wright, 630; *Ritter v. Ritter,* 5 Blackf. 81; *Carris v. Carris,* 24 N. J. Eq. 516. This rule seems to be recognized in the case of *Sissung v. Sissung,* 65 Mich. 180.

The answer lacks the verification required by the statute to be appended to bills for divorce. Answers in the nature of cross-bills require this, and no decree can be granted without it. But it may be amended. The proof shows an absence of collusion, and we will therefore remand the case, with direction that such amendment be permitted, and that thereupon a decree be entered by the circuit

94 Mich.,—36.

court, in chancery, dismissing complainant's bill, and annulling the marriage, as prayed by defendant.

The complainant will recover costs of this Court.

The other Justices concurred.