ROBSON *v.* ROBSON.

1. DIVORCE—AMENDMENT OF ANSWER—REHEARING—APPEAL AND ERROR.

On motion made after an appeal from a decree of divorce granted to appellant's wife, praying for leave to amend the answer so as to show that a prior decree of divorce was invalid because proofs were taken and decree entered within four months, and that her marriage with appellant was void, the appellant is *held* to have been guilty of laches, on undisputed testimony that before filing the bill he had denied the legality of his marriage, and that his attorney was acquainted with the facts concerning complainant's previous decree.

2. SAME—EXTREME CRUELTY.

In this cause the decision of the circuit judge that complainant is entitled to a divorce for extreme cruelty of her husband is *held*, on review of the facts, to be warranted.

3. SAME—ALIMONY.

An award of about $4,000 permanent alimony to a wife who is granted a divorce from her husband whose property amounts to $17,000 is reasonable, in view of the fact that in her marriage she appears to have been actuated by mercenary motives.

Cross-appeals from Wayne; Donovan, J. Submitted February 10, 1910. (Docket No. 20.) Decided May 7, 1910.

Bill by Bertha E. Robson against George W. Robson for a divorce. From the decree rendered, both parties appeal. Modified.

*James H. Pound,* for complainant.

*John P. Kirk,* for defendant.

BLAIR, J. This is an appeal from a decree for divorce granted upon the ground of extreme cruelty, and awarding to the complainant real estate and personal property

amounting, as valued by the court, to one-quarter of the value of the property of the defendant. From the decree both parties have appealed; the defendant contending that he was entitled to a decree for a divorce from the complainant, as prayed for in his answer by way of cross-bill, and the complainant contending that the court's award of alimony was inadequate.

Since the appeal was perfected, defendant has made a motion to remand the record to the circuit court with permission to defendant to amend his answer by alleging as matters of defense that the marriage of defendant to complainant was void, for the reason that, at the time of entering into the same, complainant was the lawful wife of one Frank W. Beach, and had not obtained from said Beach a legal divorce, for the reason that the decree of divorce against said Beach and in favor of said complainant was granted by the court in less than four months from the time of filing the bill of complaint to obtain the same; also, that defendant be allowed to amend his cross-bill and to ask by way of relief that two deeds executed by the defendant through an intermediary to himself and said complainant as tenants by entirety be set aside and decreed to be the sole property of defendant; also, that defendant be allowed a rehearing in the circuit court, and be permitted to put in his proofs as to the illegality of said decree of divorce from the said Frank W. Beach; also, that upon the entering of a decree in the cause after being remanded, that either party upon appeal shall only be required to print the additional proofs.

The calendar entries in complainant's suit for divorce from her former husband, Frank W. Beach, are as follows:

"Dec. 3rd, 1898—Bill filed, subpoena and injunction issued.

"Dec. 7th, 1898—Subpoena and injunction returned, served and filed.

"Dec. 9th, 1898—Notice of contest by prosecuting attorney filed.

"Dec. 9th, 1898—Order entering prosecuting attorney appearance filed.

"Dec. 12th, 1898—Appearance of defendants by M. J. Cavanaugh filed.

"Dec. 13th, 1898—Withdrawal of appearance of defendant D. B. Greene by M. J. Cavanaugh filed.

"Dec. 13th, 1898—Appearance of D. B. Greene by J. W. Babbitt entered.

"Dec. 23rd, 1898—Stipulation of discontinuance as to William Beach and Louisa Beach filed.

"Mar. 11th, 1899 — Decree granted and entered in Chancery Liber No. 2 on page 282.

"Mar. 13th, 1899—Certificate of judge of prosecuting attorney has contested cause filed.

"Apr. 18th, 1899—Petition to set aside decree filed.

"Apr. 26th, 1899—Cause enrolled."

The decree in question recites:

"This cause having been brought on to be heard upon the bill of complaint filed therein, answer, and replication and upon pleadings and proofs had thereon taken in open court," etc.

It will be observed that the calendar entries do not support the recital of the decree as to the filing of an answer or replication, nor does there appear to have been any entry of a default. The affidavits of the parties filed on the motion to remand show that the petition filed on April 18, 1899, to set aside the decree was based upon the alleged facts that no answer of the defendant Beach had ever been filed in said cause or the default of said defendant entered for failure to plead or answer to the bill of complaint, and for the further reason that said decree had been granted in less than four months from the time of the filing of the bill of complaint in said cause. So far as the proofs show, nothing appears to have been done in furtherance of this petition other than that it was served upon the solicitor for the complainant, but complainant deposes that such service never came to her attention, and she had no knowledge whatever of the fact that such a petition had been filed, and her solicitor at the time deposes that, although an entry appears in his law register of such service, such entry is not in his handwriting, and his attention, so far as he can remember, was never called to the matter. In

her bill of complaint in the present cause complainant avers that defendant stated to her "that your oratrix was not his wife anyway," and "that the defendant is constantly circulating among the neighborhood and friends false and defamatory stories concerning the temper and character of your oratrix, and further stating that your oratrix is not his (the defendant's) wife." In his answer defendant denies the allegation that he was charging that complainant was not his wife. Complainant's daughter, Bertha Schlicht, testified that she heard defendant say to complainant "that she was not his wife anyway, and that he wanted her to get out." We do not find that defendant, when on the witness stand, denied this testimony.

The solicitor for the defendant was, at the time of the first divorce suit between complainant and Beach, prosecuting attorney of Washtenaw county, and contested on behalf of the minor child Bertha. It is apparent, therefore, that he was possessed of all the information which any one had with reference to those proceedings. He was at first in the employ of the complainant in this case, but, at his request, for reasons about which the parties disagree, complainant consented to receive back the retaining fee which she had paid and surrender Mr. Kirk's receipt and permit him to enter the employ of the defendant. Although the defendant avers in his affidavit in support of his motion to remand that he did not discover the alleged illegality of the complainant's decree of divorce until after this case had been appealed, in view of the testimony of the complainant's daughter and the allegation of complainant's bill that he was alleging that she was not his wife anyway, and of the knowledge which his solicitor must have had, we are not inclined to accept his statement as correctly representing the facts, but incline to hold, and do hold, that he has been guilty of such laches as to render it inequitable for this court to exercise its discretion in favor of permitting him to take advantage of this defense. It is apparent that the complainant has been guilty of no wrong in this regard. An able and emi-

nent lawyer had charge of her divorce proceedings, and an eminent judge granted her decree. Even if the statute should be held to be mandatory and the taking of the testimony and entry of the decree prior to the lapse of four months should be held to avoid the decree, the court ought not to facilitate the making of such an inequitable defense. We therefore deny the motion to remand, with costs against the defendant, and proceed to consider the case upon its merits.

It would serve no useful purpose to compare the testimony in support of the opposing parties; and, although complainant's case is far from being a strong one, still we are inclined to the opinion of the circuit judge that she was entitled to a divorce, and the only question which remains concerns the amount of alimony to which she was entitled. She brought substantially nothing to the defendant, and such property as she had she retained control of and took most of it with her when she went away. The property of the defendant and its value, we think, is fairly stated in defendant's brief, as follows:

| | | |
|---|---:|---:|
| This man was possessed of his homestead, worth | $3,500 | |
| Pontius farm | 2,100 | |
| Twenty acres | 800 | |
| Ten acres | 450 | |
| Eighty acres | 3,000 | |
| Making real estate worth | | $9,850 |
| Ypsilanti Savings Bank $4,000, but he owes the bank $300, making | $3,700 | |
| Belleville Bank | 1,000 | |
| First National Bank | 300 | |
| Making in the bank | | 5,000 |
| Hemphill note | $300 | |
| Robson mortgage ($100 had been paid on it) | 500 | |
| Dr. Robson note | 650 | |
| Small mortgage of | 100 | |
| Personal property on farm | 1,300 | 2,850 |
| Making in all | | $17,700 |

During their six years of married life the defendant had conveyed through an intermediary to himself and complainant as tenants by entirety the homestead, worth $3,500, and the 10 acres valued at $450. Complainant was also given by the decree of the court the great bulk of the household furniture.

The court in his opinion fixing the amount of alimony to be awarded by the decree stated it as follows:

"Pontius place, $2,100; cash offer, $1,200; Oregon property, $100; bills assumed, $50; piano, horse, and buggy, $200; temporary alimony, $448; solicitor fees and costs, $150—$4,248. Taken together they make what is one-fourth of my valuation (and at one time the counsel's agreed valuation) of $17,000. I will grant a decree for that amount, which substantially makes one-fourth or the present worth of what I believe the wife should receive of this property."

The defendant is some 72 or 73 years of age, while the complainant is 48 or 49, and the record strongly indicates that the motive of her marriage was a mercenary one, and that she has made it her constant aim to secure his property. Her daughter is married, and she has no one but herself to care for. We are therefore inclined to the opinion that the award made by the circuit court was not far out of the way, except as it charged her, as part of her permanent alimony, with the last five items. We have concluded to modify the decree in this respect as follows: Awarding to complainant the Pontius place, valued at $2,100, the 10 acres valued at $450, and $1,500 in cash. As so modified, the decree will be affirmed, with costs against defendant.

Ostrander, Hooker, McAlvay, and Stone, JJ., concurred.