SYLVESTER *v.* SYLVESTER.

DIVORCE—ANNULMENT—MARRIAGE.

Evidence of the complainant in divorce proceedings that his wife had been guilty of improper relations with other men prior to her marriage, met by her testimony that the complainant also had illicit relations with her, *held*, by an evenly divided court, to be insufficient to sustain the averments of the bill.

Appeal from Wayne; Mandell, J. Submitted October 14, 1913. (Docket No. 42.) Decided June 1, 1914.

Bill by Ernst Sylvester against Della Sylvester for divorce. From a decree dismissing bill and cross-bill, complainant appeals. Affirmed.

*Louis H. Wolfe,* for complainant.

*Ralph S. Moore,* for defendant.

BIRD, J. By this proceeding the complainant seeks to have his marriage with defendant annulled on the ground of her previous unchastity. The defendant answered the bill, and charged complainant with extreme cruelty, and prayed for affirmative relief. After hearing the testimony offered by the parties, the chancellor refused to grant relief to either, and accordingly dismissed both bill and cross-bill. From this decree complainant has appealed.

These parties were married in January, 1912, after an acquaintance of six months and a courtship of four months. After marriage they lived with complainant's parents in the city of Detroit for a time, and later they lived at a boarding house until they separated in August, 1912. At the time of marriage

complainant was 23 and defendant 21 years of age. Complainant charges that he was induced to marry defendant by reason of her representations that she was a chaste girl; that before marriage he talked with her concerning her chastity, and she assured him that she had never indulged in sexual intercourse. He gives as a reason for his great concern in this regard that the Lutheran Church, to which they belonged, lays great stress on the chastity of women. He asserts that he married defendant believing and relying upon these representations, and that they lived happily for about four months, when he began to hear rumors of her previous unchastity; that an investigation convinced him of the truth of them, and he at once left her, and has neither lived nor cohabited with her since. Upon the hearing three witnesses testified that defendant was pregnant and suffered a miscarriage in February, 1911. One of these witnesses was a nurse who attended her on that occasion. It was further shown that defendant had sexual intercourse on several occasions in the month of October, 1910, with a young man whose name was given upon the hearing. Defendant afterward testified in her own behalf, but she made no denial of these charges; therefore, it is fair to assume that they are true. Defendant admitted in her answer and also in her testimony that she suffered a miscarriage about a month after she was married, but she testified that complainant was responsible for her condition, as he was intimate with her previous to their marriage. It having been established without contradiction that defendant was sexually intimate with another in October, 1910, that she gave birth to twins 11 months before marriage, and it having been established by her own admission that she was pregnant at the time of marriage, we think a case was made entitling complainant to relief. *Harrison* v. *Harrison,* 94 Mich.

180 MICH.—33.

559 (54 N. W. 275, 34 Am. St. Rep. 364). It is true, as argued, that if complainant was sexually intimate with defendant before marriage, he is not entitled to the relief sought. He denies, however, that he had any such relations with her before marriage, and his denial is given credence by the admitted conduct of defendant with others before marriage. The burden of proof upon this question rested with her (*Thomas v. Thomas*, 19 Neb. 81 [27 N. W. 84]) and conceding that her testimony is entitled to equal weight with his, she has failed to discharge that burden.

Defendant's showing fell short of making a case of extreme cruelty against complainant. She testified to a few instances of personal violence and to one occasion when he threatened to kill her. Her testimony in this regard lacks corroboration, except in a single instance, and is denied by complainant. Defendant's charges that complainant made love to their landlady are denied by them. Both complainant and defendant agree that they lived happily together until the last month or six weeks before they separated, and a reading of the record leads to the conclusion that whatever there was in his treatment of her which merited criticism occurred in the last six weeks they were together, and was due to quarrels growing out of her deception as to her past life.

It is also contended by defendant that the allegations of the bill are insufficient to admit of proof that defendant was pregnant at the time of the marriage. The amendment to the bill, allowed upon the application of complainant at the hearing, fully meets this objection.

The decree should be reversed, and one be entered annulling the marriage; neither party to recover costs.

BROOKE, STEERE, and MOORE, JJ., concurred with BIRD, J.

OSTRANDER, J. The complainant seeks a decree annulling his marriage with defendant, which took place January 11, 1912. They ceased cohabitation in August, 1912, and the bill was filed September 17, 1912. It is established, I think, that prior to her marriage the defendant had illicit sexual relations with some man or men in October, 1910, and that as a result there was a miscarriage in February, 1911. The serious question is whether complainant had not such relations with her before their marriage. In her answer she tenders such an issue, charging upon oath that while they were engaged to be married complainant had sexual intercourse with her, which resulted in a miscarriage after they were married. This issue she maintains with her testimony, stating that, discovering her condition, she wrote to him and took the matter up with his father and mother, who insisted they be married. After marriage they lived with complainant's father and mother for some time, and about a month after the marriage she suffered a miscarriage. A doctor attended her. When asked if defendant had a miscarriage after their marriage complainant answered, "I don't recollect." The father and mother of complainant were not called as witnesses. Assuming that the testimony of each of the parties is apparently entitled to equal credence, I am of opinion that the testimony of defendant must be held to preponderate, for the reason that no attempt was made to disprove her statements by calling either of the parents of complainant, or by excusing the calling of them, and by the further fact that complainant does not deny that defendant suffered a miscarriage after marriage as she says she did. The testimony of defendant is specific, and affords the opportunity for its complete refutation by other witnesses, namely, the father and mother of complainant and the physician who attended her. It is met by complainant's denial of the antenuptial intimacy.

The circuit judge had the advantage, not an inconsiderable one in such a case, of seeing the parties, and the relief asked for by complainant was refused.

For these reasons I feel compelled to disagree with my Brother BIRD, and to hold that the decree of the court below should be affirmed, with costs to defendant.

McALVAY, C. J., and KUHN and STONE, JJ., concurred with OSTRANDER, J.