VAN SLYKE v. VAN SLYKE.

DIVORCE—SUIT PENDING—EQUITY—MOTIONS—DISMISSAL OF BILL.
Complainant's wife filed a bill for divorce which he answered, charging her with fraud, in that she falsely represented that she was divorced from her former husband and praying for relief. The cross-bill was not verified as required by rule. Subsequently complainant filed a bill in another county praying for a divorce on the same

grounds of fraud charged in his answer and cross-bill. A motion to dismiss the second suit was filed by defendant wife on the ground that the same issues were involved in the case instituted by her. *Held*, that the second proceeding was barred by the former suit pending and that the defect in the cross-bill could be remedied by application to the court.[1]

Appeal from Van Buren; Des Voignes, J. Submitted October 16, 1914. (Docket No. 10.) Decided December 19, 1914.

Bill by William M. Van Slyke against Rose E. Van Slyke for divorce. From a decree dismissing the bill, complainant appeals. Affirmed.

*Alfred S. Frost* (*L. B. Gardner,* of counsel), for complainant.

*Frank E. Jones,* for defendant.

BROOKE, J. The bill of complaint in this cause was filed to procure an annulment of marriage. The record discloses the following pertinent facts: The defendant in this proceeding on July 14, 1911, at that time being married to one Dibler, filed a bill for divorce in the Allegan circuit court. The defendant in that cause was brought in by publication, and after a full hearing upon the merits, a decree was granted to complainant (defendant herein) on December 5, 1911. Some time prior to the filing of said bill, complainant herein became acquainted with defendant and interested himself in and about the procuring of said decree of divorce. His purpose in so doing becomes apparent from the fact that shortly after the granting of said decree he became engaged to defendant and married her on April 9, 1912. The parties lived and cohabited together from that date to April

---

[1] The question whether the pendency of a suit for divorce or separation is a bar to another suit in the same State is treated in a note in 40 L. R. A. (N. S.) 83.

2, 1913, at which time defendant herein filed a bill for divorce against complainant in the county of Washtenaw. To this bill of complaint defendant filed an answer May 15, 1913, a material portion of which follows:

"The defendant, further answering said bill of complaint, denies each and every allegation as therein contained that has not already been answered or denied, and expressly charges the truth to be that said complainant perpetrated a fraud upon this defendant when she told this defendant that she had procured a legal divorce from her former husband, J. C. Dibler, of South Bend, Ind.; that this defendant believed the statements made by the said complainant concerning said matter, or he would not have entered into marriage relations with her; that he did so in good faith, believing that she was legally divorced, and did not know the contrary until he was so informed by his solicitor; and that since he was so informed, he has not lived or cohabited with said complainant,

"This defendant further alleges that after he was so informed by his said solicitor that he had made investigations, he learned that said complainant and her former husband were living in the city of South Bend, Ind., when they were separated; that the last time they separated was on the 10th day of April, A. D. 1910; that after the separation the said complainant lived for a short time with her mother at Quincy, Mich.; that later on she went to Mishawaka, Ind., where she engaged in the millinery business, and continued in such business from July 21, 1911, to March 12, 1912; that after leaving Mishawaka she clerked in a store at Hammond, Ind., and that she never had a legal residence in the State of Michigan, notwithstanding the fact that said complainant alleged in her bill of complaint against her former husband that for a period of one year and upwards immediately preceding the time of exhibiting her bill of complaint, she was an actual resident of the State of Michigan, and that she still resided in, and was an inhabitant of the State of Michigan.

"This defendant further alleges that by reason of the false statements made in the bill of complaint filed

by said complainant to obtain a decree of divorce from her former husband, she perpetrated a fraud upon the court, and procured a decree; that said decree is absolutely void, and that by reason thereof, she perpetrated a fraud upon this defendant, and has greatly wronged this defendant, and is not, nor has never been, the legal wife of this defendant.

"This defendant therefore prays that (*a*) said marriage entered into by the said complainant and himself may be declared null and void."

On said last-mentioned date an order was made in the Washtenaw circuit court, requiring complainant herein to pay certain alimony and solicitor's fees. This order he complied with until August 15, 1913, when he filed in the Van Buren circuit court his bill of complaint in the instant case. While this bill sets out with more particularity the alleged facts upon which he relies to bring about an annulment of his marriage than does his answer filed in the Washtenaw circuit court, they are, in essence, the same. On September 9, 1913, a motion was made in this cause, by defendant, praying for the dissolution of the preliminary injunction theretofore granted and the dismissal of the bill of complaint. The principal ground for said relief was that the same issues between the same parties were then pending in the circuit court for the county of Washtenaw, which court had jurisdiction of both parties. This motion was denied, and a full hearing had in the Van Buren circuit court upon the merits of the case. By the decree of that court, from which complainant appeals, his bill was dismissed. The court was of the opinion that the Allegan circuit court did not have jurisdiction to render the decree of divorce between defendant and her former husband, Dibler, for the reason that defendant had not resided in the State of Michigan a sufficient length of time to confer jurisdiction. The court, however, found that complainant was active in the matter of securing said decree, that no fraud was perpetrated

upon him, and that he should be held, by his conduct, to be estopped. The question involved upon this appeal is whether the bill was properly dismissed.

In the case of *Robson* v. *Robson,* 161 Mich. 293 (126 N. W. 216), this court refused to remand a proceeding to the circuit court for the purpose of permitting defendant to interpose the defense that the complainant was not his wife, because her divorce from a former husband had been illegally granted. It was said of the defendant in that case:

"That he has been guilty of such laches as to render it inequitable for this court to exercise its discretion in favor of permitting him to take advantage of this defense. * * * Even if the statute should be held to be mandatory and the taking of the testimony and entry of the decree prior to the lapse of four months should be held to avoid the decree, the court ought not to facilitate the making of such an inequitable defense."

In *Harrison* v. *Harrison,* 94 Mich. 559 (54 N. W. 275, 34 Am. St. Rep. 364), it was held proper for the defendant in a divorce proceeding to set up, by way of cross-bill, fraud on the part of complainant which would be sufficient to warrant a decree of annulment.

The gist of complainant's bill in the case at bar, and of his answer filed in the Washtenaw county proceeding, is that he was induced to enter into the marriage relationship with defendant because he believed her fraudulent representation to the effect that the divorce between herself and Dibler was valid. Under the authority of *Harrison* v. *Harrison,* he had the right, by appropriate pleading, to raise this question in that court.

He did, in fact, raise it in his answer, and asked a decree of annulment upon the ground stated. It appears, however, that the answer was not verified as a cross-bill. This defect would have been remedied upon application. See *Harrison* v. *Harrison, supra.*

The issues in that case being such as they were, we are of opinion that complainant had no right to go to another county (Van Buren) and file an independent bill for the annulment of his marriage. At an early stage of the proceedings the court's attention was called to the fact of the pendency of the identical question in the Washtenaw circuit court, where the court was possessed of full jurisdiction. The motion made at that time to dismiss complainant's bill should have been granted, and complainant should have been remitted to his remedy in the Washtenaw circuit court, where he had first raised the issue. This view disposes of the matter in issue upon the question of jurisdictional grounds only.

The decree dismissing complainant's bill is affirmed.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.