VAN SLYKE *v.* VAN SLYKE.

1. DIVORCE—PLEADING—JURISDICTION—AFFIRMATIVE DEFENSE.

Upon defendant's cross-bill for a divorce, the court should not set aside a former decree of the court of chancery granting the wife a divorce from her first husband without a properly verified answer presenting the matter of affirmative defense.

2. JUDGMENT—PARTIES—COLLATERAL ATTACK.

A merely voidable judgment cannot be attacked by a stranger to the record: if absolutely void it needs no decree to set it aside.

3. DIVORCE—SETTING ASIDE DECREE—FRAUD.

For fraud or want of jurisdiction the court of chancery has power to set aside a decree of divorce upon the application of the opposite party, though the successful one may have remarried, but the decree cannot be avoided by the party guilty of fraud nor can third persons set it aside.

4. SAME—ESTOPPEL—FRAUD.

Complainant's husband was estopped from having a prior decree whereby she was divorced from her first husband set aside on the grounds of fraud and want of jurisdiction, by participating in the fraud, knowing that complainant was not a legal resident of the county in which the divorce was granted, and in paying the expenses of the first divorce proceeding.

Appeal from Washtenaw; Kinne, J. Submitted April 14, 1915. (Docket No. 76.) Decided June 7, 1915.

Bill by Rose E. Van Slyke against William M. Van Slyke for divorce from the bonds of matrimony. From a decree for complainant, defendant appeals. Modified and affirmed.

*Frank E. Jones,* for complainant.

*Alfred S. Frost* (*L. B. Gardner,* of counsel), for defendant.

OSTRANDER, J.   Complainant and defendant (he is now deceased) were married in Allegan, Mich., April 9, 1912, she having been previously married and having been, by a decree of the circuit court, in chancery, for Allegan county, made December 5, 1911, divorced from her former husband.   Complainant filed her bill in this cause in April, 1913, praying that the marriage with defendant be dissolved.   Defendant answered, but not upon oath, and in his answer he set up, among other matters, that complainant perpetrated upon him a fraud in marrying him because she had not been legally divorced from her former husband.   In August, 1913, he filed his bill in the circuit court, in chancery, for the county of Van Buren, Mich., charging, among other things, with respect to the Allegan divorce:

That complainant was not a resident of Michigan when she filed her bill for divorce.

"That the said Rose Ellen Dibler, just prior to the filing of her said bill of complaint against her said husband to dissolve the marriage between them, was informed that she could not obtain a divorce because she was a resident of the State of Indiana.   That the laws of this State required her to be a resident of this State and the county in which she filed her bill for two full years prior to the filing of the bill when the cause for which she sought relief was based upon acts that occurred outside of the State of Michigan.   That after being so told she went to other counsel and to him, your orator is informed and believes and therefore charges the truth to be, falsely represented that she was then a resident of Allegan county, had been for over a year last past a resident of the State of Michigan, and because of such false and fraudulent representations persuaded and induced her said solicitor to file her said bill of complaint in said county

of Allegan, State of Michigan, and thereafter she falsely and wickedly pretended to the said circuit court of Allegan county that she was then a resident of said Allegan county, and theretofore had been for one full year prior to the filing of her said bill of complaint a resident of the State of Michigan, and by reason thereof obtained a decree purporting to dissolve their said marriage"

—and setting up a copy of the bill for divorce, the testimony, report of the commissioner, and decree of divorce, and setting up, also, the pendency of the Washtenaw county (the instant) case. Complainant here, defendant in that suit, answered the bill, asserting that the Allegan divorce was regular and valid, and in her answer admits that she married Jacob A. Dibler February 29, 1888; that they lived in Michigan about two years, removing to Indiana, in which State they lived until September, 1909, when she, taking her son, went to live with her mother in Branch county, Mich.; that while she has been out of the State of Michigan since that time for different periods of time, she has at no time gone with the intention of removing or making her residence other than with her mother until she went to the city of Allegan, Allegan county, Mich., in the summer of 1911, with the full intention of entering into business and remaining there.

In this Van Buren county suit proofs were taken and a decree entered dismissing the bill. The trial judge found that the Allegan court did not have jurisdiction to render the decree of divorce, that the complainant in that suit and in the instant suit had not been a resident of this State the required period of time to enable her to invoke the aid of the Michigan court in the dissolution of the Dibler marriage. But he found, further, that the complainant in that suit, defendant here, was aware of all the facts and circumstances and aided her in procuring her decree of

divorce and estopped from asserting that a fraud had been perpetrated upon him. Upon an appeal to this court from the decree dismissing the bill, it was affirmed, but not upon merits. The ground of our decision was that the issue was pending in and could be and ought to be decided by the Washtenaw court in the instant case. Before this decision was made, which was in December, 1914, the cause had proceeded to a decree in the Washtenaw county court, upon the merits. The validity of the Allegan county decree of divorce was not determined. It is now urged, on behalf of defendant, deceased, that the decree was wrong, considered upon the merits, and that the issue of the validity of the Allegan county divorce ought to have been and ought to be determined.

By the death of defendant, since the decree was entered and the appeal taken, the personal relations of the parties are ended. In view of the nature of the testimony given by complainant, whether true or false, no continuance of marital relations would have been tolerable. We have occasion to consider the testimony only for the purpose of determining whether the award of alimony ought to be sustained. Most of the material testimony was given by the parties, that on the part of complainant being an alleged revelation of the intimate personal relations of husband and wife. We have not the advantage, a considerable one in such a case, which the trial judge had, of seeing the bearing and appearance of the parties in court. The conflict of testimony was sharp, and while we view that of complainant with some suspicion of its exact truth, we are not so well convinced of its falsity as to disregard it and set aside the decree.

We come then to consider the proposition that the complainant could not, legally, intermarry with defendant. It is to be noticed, first, that, conceding that the Washtenaw court had jurisdiction to determine

the proposition upon proper pleadings, the setting
aside of the Allegan county decree is an affirmative
thing, asked for by defendant, the answer of defend-
ant was not verified, and he is now dead.  If in any
case we could now permit necessary amendment of
the answer, defendant cannot make the amendment.
3  Comp.  Laws, § 8618 (4  How.  Stat.  [2d  Ed.]
§ 11455).  Assuming, but not  deciding, that as the
matter of jurisdiction of the Allegan county court in
the Dibler  divorce  proceedings must be  determined
by the records of that court, the personal represen-
tative of the defendant may now present that record,
and to this extent may verify the answer of defend-
ant, how does the case stand?

"Where the judgment is only voidable and not void,
it cannot be attacked by strangers to the record.  And
where it is absolutely void it needs no proceedings to
set it aside."

*Vide* CAMPBELL, J., in *Baugh* v. *Baugh*, 37 Mich. 59,
62 (26 Am. Rep. 495).

There is no doubt of the power of a court of equity
to set aside its own decree of divorce for fraud in its
procurement, or for want of jurisdiction, on the ap-
plication of the party against whom the decree was
obtained, and this although the other party may have
remarried.  But the decree cannot be avoided by the
party guilty of the  fraud.  *Simons* v. *Simons,* 47
Mich. 253 (10 N. W. 360), nor at the instance of third
parties, nor can a party who obtains the divorce and
accepts its benefits afterwards question the jurisdic-
tion of the court granting it.  *Carlisle* v. *Carlisle,* 96
Mich. 128 (55 N. W. 673), and cases cited in opinion.

Was the decree of the Allegan county court in the
Dibler divorce  case  absolutely void?  The jurisdic-
tion of equity courts in divorce proceedings is purely
statutory.  The applicable statute is Act No. 210,
Pub.  Acts  1899 (4 How.  Stat.  [2d  Ed.] § 11461),

which provides that no decree shall be granted by any court unless, first, the party applying shall have resided in this State for one year immediately preceding the filing of the bill, or, second, the marriage was celebrated in this State and the party applying shall have resided in the State from the time of the marriage. Whenever the cause for divorce charged in the bill shall have occurred out of this State, no decree shall be granted unless the complainant, or defendant, one or both of them, shall have resided in this State for two years immediately preceding the filing of the bill. The bill filed in Allegan county by this complainant recites that she is "of Allegan, in the county of Allegan and State of Michigan." It charges the marriage to have been celebrated in Michigan. It charges cohabitation of the parties after marriage until April 10, 1910, and that complainant has resided in this State "since said marriage with said defendant continually for a period of one year and upwards, immediately preceding the time of exhibiting this her bill of complaint and that she resides in, and is an inhabitant of this State." It charges that defendant is guilty of adultery and of extreme cruelty, the acts occurring in Indiana; one act of violence in Quincy, Mich., where the parties resided for 2½ years, occurring about one year after the marriage. Defendant was brought in by publication, the place of his residence not being stated in the bill of complaint. When the testimony introduced by the complainant in that cause is read and facts and circumstances concerning her actual residence in the State are considered, it is apparent that a fraud was perpetrated upon the court. But in view of the charge of an act of violence committed in Michigan, coupled with charges that similar acts were afterwards repeated in Indiana, although doubtful of the proper conclusion, we are not prepared to hold that

the Allegan county court had no jurisdiction, or that the decree of that court is void. We are, however, constrained to say that the record supports the conclusion of fact that the defendant here was quite as much interested in procuring the decree of divorce as was the complainant, proposed to pay her counsel and advised her and her counsel of his interest. He intended to profit by the decree of divorce, not in a financial way, but in removing an obstacle to his marriage with complainant. Whether it was or was not intentional, he aided and abetted the fraud which was perpetrated. We are therefore less concerned than otherwise we should be about the question of the pleadings in the case at bar and the right of the personal representative of the defendant to amend them. Upon the authority of *Robson* v. *Robson*, 161 Mich. 293 (126 N. W. 216), he may be held to have no standing to present the defense that he was defrauded into marrying complainant.

But we think the award of alimony is excessive. Complainant brought nothing to defendant, and their life together was short. At the most, defendant's property was worth not more than $6,000. The award should be considered as if he were now alive, and we think the decree of the court below ought to be and it is affirmed in all respects, excepting that the award of permanent alimony will be reduced to $750. Appellee will recover her costs of this appeal, and may tax a solicitor's fee of $100.

BROOKE, C. J., and McALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.