WALLACE *v.* WALLACE

1. DIVORCE — JUDGMENT — MODIFICATION — CHILD CUSTODY — JU-
RISDICTION.

> A court which had jurisdiction to enter a judgment of divorce
> awarding custody of the parties' minor child also has jurisdic-
> tion to modify the custody provision of the judgment even
> though both parents and the child have ceased to be residents
> of the state because whether the order of modification is good
> outside of this state is not determinative of its validity in
> this state nor of the jurisdiction of the state court which
> made it.

2. NOTARIES — AFFIDAVITS — AUTHENTICATION — AMENDMENT —
COURT RULES.

> An affidavit made outside the state in which the notary's signa-
> ture was not authenticated in the manner required by Michigan
> statute was defective and affected the validity of a nonresi-
> dent's verified petition for modification of his Michigan divorce
> judgment and of the court order of modification but the
> defect was not jurisdictional and could be cured by amend-
> ment pursuant to statute and court rule (MCLA § 600.2311;
> GCR 1963, 102.3, 118.1).

3. NOTARIES—AFFIDAVITS—AUTHENTICATION—NUNC PRO TUNC OR-
DER.

> Defective authentication of an out-of-state notary's signature on
> nonresident's petition for modification of his Michigan divorce
> judgment can be corrected by an order *nunc pro tunc.*

4. DIVORCE — JUDGMENT — MODIFICATION — CHILD CUSTODY — EVI-
DENCE — FRIEND OF THE COURT REPORT — ADMISSIBILITY.

> Admission of a report of the Friend of the Court recommending
> that divorced father's petition for custody of his minor child

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  24 Am Jur 2d, Divorce and Separation §§ 812–826.
[2, 3]  3 Am Jur 2d, Affidavits §§ 18, 19.
[3]  37 Am Jur, Motions, Rules and Orders § 30.

be granted was error where the mother did not agree on the record to the trial judge's consideration of the report; consequently an order modifying the judgment of divorce to give custody to the father must be remanded for the taking of other testimony about the current living arrangement of the child.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 March 5, 1970, at Grand Rapids. (Docket No. 6,366.) Decided May 26, 1970.

Petition by Richard G. Wallace for modification of the child custody provision of a divorce judgment from Eunice M. Wallace. Petition granted. Eunice M. Wallace appeals. Remanded for further proceedings consistent with opinion.

*Edward M. Yampolsky,* Berrien County Legal Service Bureau, Inc., for plaintiff.

*William J. Hoover,* for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

Levin, J. This appeal challenges on several grounds an order modifying the child custody provisions of a divorce decree entered a number of years ago.

A decree of divorce was entered October 4, 1962 dissolving the marriage of the plaintiff wife and the defendant husband. The decree granted custody of the minor child of the marriage, Claudia, to her maternal aunt and uncle, Betty and David Tait. Subsequently the wife, the husband, the Taits and the minor child all moved to California.

On June 28, 1967 the husband filed a petition with the circuit court which had entered the divorce

decree asking that the decree be modified to award him custody of Claudia.[1] A hearing on the petition was scheduled for July 28, 1967.

The wife filed a motion to dismiss on July 27, 1967, on the ground of *forum non conveniens,* both parents, the child and the Taits all now living in California. A copy of this motion was not served on the husband or his attorney, nor was it noticed for hearing; the motion was not acted upon by the trial court.[2]

The wife did not answer the petition, nor did she appear personally or by counsel at the scheduled hearing. At the hearing one witness testified, the maternal grandmother who is a resident of Michigan. She said that her daughter was not mentally or physically able to assume Claudia's custody. As far as she knew Claudia's father had furnished the child's entire support since the divorce. Several years ago, after the move to California, he assumed actual physical custody of the child. However, because of the nature of his employment—he is a radio operator in the merchant marine—it is necessary for Claudia to live with relatives or friends much of the time.

Since the grandmother had not heard from Claudia for some time and did not know her present living situation, the trial judge said that he thought the Friend of the Court should be given an opportunity to make an investigation and recommendation before an order was signed.

---

[1] "The court may, from time to time, afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require." MCLA § 552.17 (Stat Ann 1957 Rev § 25.97). See *Pierce* v. *Pierce* (1949), 324 Mich 38, 43.

[2] See footnote 3.

Subsequently an order was entered modifying the judgment of divorce to grant custody of the child to the father.[3] It states that it was entered upon the father's petition and the filed report of the friend of the court recommending that the petition be granted.

The mother then moved to vacate the order changing custody on several grounds, which we will presently consider. Her motion was denied and this appeal followed.

The circuit court, having entered a decree of divorce making an award of custody of a minor child, had jurisdiction to entertain a petition to modify that portion of the decree even though both parents and the child had ceased to be residents of Michigan. See *Hentz* v. *Hentz* (1963), 371 Mich 335, 340, 341, where the Michigan Supreme Court so held and stated, "whether the order [modifying the decree] is good outside of Michigan is not determinative of its validity in this State nor of the jurisdiction of the Michigan court which made it".[4]

The husband's petition was verified as required by the court rule, GCR 1963, 725, but the notary's signature was not authenticated in the manner required by RJA § 2102 (MCLA § 600.2102 [Stat Ann 1962 Rev § 27A.2102]) concerning the authentication of affidavits taken in another state or country. The wife claims that this defect is jurisdictional on the authority of *In re Alston's Estate* (1924), 229 Mich 478. There a petition for delayed appeal from an order of the probate court to the circuit court was

---

[3] The order is dated July 28, 1967 and was filed August 1, 1967.

[4] See, generally, 24 Am Jur 2d, Divorce and Separation, § 813, p 924. Since the *forum non conveniens* issue was not raised in a motion duly served on opposing counsel and was not decided by the trial judge, we have not considered the issue to be before us.

not authenticated in the manner required by the relevant statutory provision, which read then as it does now. The Michigan Supreme Court held that the unauthenticated petition could not be considered because the "affidavit is a nullity." The Court quoted the statement in *Berkery* v. *Wayne Circuit Judge* (1890), 82 Mich 160, that an unauthenticated affidavit "gave no jurisdiction to the clerk to file the transcript, or enter and docket the judgment".

In an opinion filed in support of his order denying the wife's petition to vacate the order changing custody, the trial judge distinguished *Alston* on the grounds that there, in contrast with this case, the factual allegations in the petition were not supported at a hearing by other evidence and, in any event, he could change the provision in the decree regarding the child's custody on his own motion.

While a court may, as suggested but not decided in *Geark* v. *Geark* (1947), 318 Mich 614, 617, have the authority on the motion of the prosecuting attorney or the Friend of the Court or, perhaps, even on its own motion, to change child custody provisions, in this case the court did not act on its own initiative.[5] The court was moved to act by the petition of the father.

We, nevertheless, see no need to reverse the trial judge's order.

Claudia was 13 years of age at the time of the hearing; her 16th birthday is next week, June 1, 1970.

The claimed defect can be cured by amendment. RJA § 2311 provides:

---

[5] *Cf. Puzzuoli* v. *Puzzuoli* (1966), 3 Mich App 594, 598, where we affirmed a decision of a trial court refusing to award custody pursuant to the agreement of the parties and where we said, "the court is not bound by any agreement of the parties in awarding the custody of the children." Similarly, see *Lewis* v. *Lewis* (1953), 338 Mich 197, 200.

"After judgment rendered in any cause, any defect or imperfections in matter or [of[6]] form, contained in the record, pleadings, *process,* entries, returns, or other proceedings, may be rectified and amended by the court, in affirmance of the judgment, so that such judgment shall not be reversed or annulled; and any variation in the record, from any process, pleading or proceeding had in such cause, shall be re-formed and amended according to such original process, pleading or proceeding." MCLA § 600.2311 (Stat Ann 1962 Rev § 27A.2311).[7] (Emphasis supplied.)

The court rules also provide for liberal amendment; GCR 1963, 102.3 provides that at any time the court may, in its discretion, allow any process to be amended. GCR 1963, 118.1 permits amendment of a pleading at any time by leave of court.

In *Harrison* v. *Harrison* (1893), 94 Mich 559, the wife sued for divorce and the husband filed a cross-bill for annulment. The Supreme Court concluded that the cross-bill should have been granted. It appeared, however, that the cross-bill had not been verified as required by statute. The court acknowledged that a decree could not be granted on an unverified cross-bill and remanded with the direction that the trial court allow the cross-bill to be verified and then enter judgment in favor of the defendant husband granting him annulment of the marriage. Similarly see *Van Slyke* v. *Van Slyke* (1914), 183 Mich 536, 540.

Here, as in *Harrison* and *Van Slyke,* and in contrast with *Berkery* v. *Wayne Circuit Judge, supra,* where it was held that the defective affidavit could not be corrected by an order *nunc pro tunc,* the cir-

---

[6] See *Wayne Creamery* v. *Suyak* (1968), 10 Mich App 41, 49, n. 10.

[7] See, also, RJA § 2301 (MCLA § 600.2301 [Stat Ann 1962 Rev § 27A.2301]); RJA § 2315 (MCLA § 600.2315 [Stat Ann 1962 Rev § 27A.2315]).

cuit court acquired "jurisdiction" independently of the defective petition by reason of papers properly filed in the proceedings before the defective petition was filed.[8]

On the authority of *Harrison* and *Van Slyke,* we remand with directions similar to those there expressed, namely, that the petitioning husband be given an opportunity to obtain an authentication of the notary's signature or to file a new petition properly verified and authenticated which shall be given effect *nunc pro tunc.*

The wife also complains because of the trial judge's consideration of the Friend of the Court report. In *Krachun* v. *Krachun* (1959), 355 Mich 167, 169, the Michigan Supreme Court declared that a Friend of the Court report is not generally admissible in evidence, that it may, however, be admitted upon the agreement of all parties, but that such an agreement must be indicated in some definite fashion on the record. Similarly, see *Bowler* v. *Bowler* (1958), 351 Mich 398, 405; *Ewald* v. *Ewald* (1968), 14 Mich App 665; *Damaschke* v. *Damaschke* (1967), 7 Mich App 478.

In this case the wife did not agree to the trial judge's consideration of the Friend of the Court report. We can appreciate the judge's desire to satisfy himself as to the current living arrangement

---

[8] *Berkery* was an action for mandamus. A judgment had been obtained against Berkery in justice court. Years later the judgment creditor made an affidavit stating the amount due upon the judgment, and the transcript and the affidavit were filed with the circuit court clerk who thereupon entered them in the appropriate docket. Berkery claimed there were several defects in the affidavit including that it was an unauthenticated out-of-state affidavit. The circuit judge authorized the filing of a new affidavit *nunc pro tunc.* The Court said (p 163) that if the affidavit was insufficient to confer jurisdiction, then jurisdiction could not be conferred by substituting a sufficient affidavit *nunc pro tunc.* But in that case the initiating document in the circuit court was the affidavit. Here the circuit court obtained jurisdiction years before the petition for modification was filed, when the complaint for divorce was filed and served.

in California before entering an order changing custody, the only witness not being aware of the pertinent facts. It is also understandable that he would turn to the Friend of the Court for assistance.

On remand we suggest that the judge issue an order for the taking of the deposition of the California investigator cooperating with his Friend of the Court, with notice to both the wife and the husband.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.

All concurred.