HEINEY, APPELLANT, v. HEINEY, APPELLEE.█

[Cite as Heiney v. Heiney (1973), 40 Ohio App. 2d 571.]

(No. 979—Decided November 6, 1973.)

*Messrs. McLaughlin, DiBlasio & Harshman,* for appellant.

*Mr. Richard D. Kennedy,* for appellee.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Columbiana County, Juvenile Division. It involves the custody of Derrick Allan Heiney, a minor, now living in Oregon with his mother, Brenda Mae Heiney. The real parties in interest are the mother, Brenda Mae Heiney, and the grandparents, Raymond L. and Doris McVay Dieringer. The grandparents are contesting the mother's custody of the child and ask that the child be awarded to them.

The facts are as follows:

On April 27, 1963, Brenda Mae Heiney, the plaintiff, married Robert L. Heiney, and on December 6, 1963, the minor Derrick Allan was born. On October 15, 1965, the parents were divorced. Pursuant to the judgment and journal entry in the case, Brenda Mae Heiney, the mother, was given custody and control of Derrick.

After her divorce, Brenda Mae Heiney enrolled and completed three years at Ohio State University, Columbus, Ohio. During that time, the child lived with his grandparents, Raymond O. and Doris McVay Dieringer.

Although it is not clear in the record whether or not Brenda Mae Heiney subsequently married one Dennis Keith Bass, plaintiff, the appellant herein, attached to her brief a certificate of marriage indicating a marriage ceremony was performed on July 28, 1969, in Franklin County, Ohio. During the years 1969 and 1970 the mother, Brenda Mae Heiney (Bass), made several visits to her parents' home attempting to regain possession of her son for whom she had legal custody under the court's order in the divorce action. She failed in her attempts to regain possession.

On or about the month of September, 1970, plaintiff permanently removed herself from Ohio and changed her domicile to the state of Oregon. On or about January 9, 1971, the plaintiff regained possession of her son by going to the school he attended and taking him. The plaintiff and the child have been domiciled and residing in Oregon since that time. The grandparent, Doris McVay Dieringer, brought the present action in the Court of Common Pleas to modify the custody decree entered pursuant to the divorce in 1965, seeking an order finding plaintiff to be an unfit mother and placing the care, custody and control of the child with her and her husband.

Attorney Michael Harshman appeared on behalf of the plaintiff solely for the purpose of objecting and excepting to the jurisdiction of the court. On July 30, 1971, a hearing was held, and Mr. Harshman maintained his objection to jurisdiction. The court found the plaintiff to be an unfit mother and awarded custody of the child to the grandparents, Raymond O. and Doris McVay Dieringer.

That judgment was appealed to this court and on September 23, 1972, we in a unanimous decision remanded the cause to the Court of Common Pleas for further proceedings, in compliance with R. C. 3109.04. On February 8, 1973, a rehearing was held and plaintiff's counsel maintained his continued objection to the court's jurisdiction. Opposing counsel stipulated that all testimony and all objections proffered at the previous hearing would continue as if fully presented and realleged therein.

On February 23, 1973, the court ruled in favor of the grandparents, and it is from that judgment that the mother appeals. The record indicates that the father, Robert Lee Heiney, was in the Ohio Penitentiary at the time of the hearing, and admits that he is not a likely candidate as a suitable parent, and makes no request for custody.

The plaintiff sets forth three assignments of error, the first of which states:

"The Court of Common Pleas, Juvenile Division of Columbiana County, was in error in holding that it had continuing jurisdiction, because of the Revised Code Section 3109.06, to modify the original custody decree, despite the fact that the appellant, the mother of the child, and the child were both domiciled in the State of Oregon."

The question presented by this assignment of error is: Does an Ohio court have jurisdiction to modify and award custody under R. C. 3109.06 where the record indicates that the mother having original legal custody and the child are domiciled and residing in the state of Oregon?

There is little doubt that under R. C. 3109.06, the trial court which awards custody of a child in a divorce action retains jurisdiction over the child, who becomes a ward of the court. *Van Divort* v. *Van Divort,* 165 Ohio St. 141.

It is also well established under Ohio law that the child's domicile in the case of the divorce or jurisdictional separation of his parents is that of the parent to whose custody it has been legally given. *Swope* v. *Swope,* 163 Ohio St. 59.

In the instant case, plaintiff has permanently removed herself from Ohio, and has established her domicile in the state of Oregon. The child at all times during the in-

stant proceedings has had his domicile in Oregon and has been physically present there.

The question in this case was answered by the Ohio Supreme Court in *Cunningham* v. *Cunningham*, 166 Ohio St. 203.

In the *Cunningham* case, the facts bearing on the relative legal position of the parties are the same, except that the domicile was reversed. In that case the plaintiff-father instituted an action in the Court of Common Pleas of Stark County to obtain custody of his child, in conformity with a default decree rendered by a court in the state of California. Prior to that time, the parties were residents of California, and within the jurisdiction of the trial court in Los Angeles County. A divorce was granted and the mother was awarded custody of the child. The decree contained no provision requiring either the mother or the child to remain in California. The following year, the mother and the child moved to Canton, Ohio. The next year, the father obtained a modification of the California decree so that he was authorized to have custody of the child during a certain time in the year. At the time of this modification order, the child and mother (who had the original legal custody) were domiciled and residing in Ohio. The father instituted an action in Ohio asking that the mother be ordered to deliver the child to him in conformity with the modified California decree. The question posed in the *Cunningham* case was: Are Ohio courts required to accord full faith and credit to a modified California decree? The answer to that question is found in paragraph 1 of the syllabus of *Cunningham, supra,* as follows:

"Where a minor child is properly domiciled in Ohio with a parent having legal custody thereof under a decree of a court of another state, the courts of this state are not required to accord full faith and credit to a subsequently modified custody decree of the court of such other state."

The court, in effect, held in the *Cunningham* case that the courts of one state have no power to change the status of the citizens of another state, and that the theory of continuing jurisdiction can not apply to either the parent or the child, since both were then properly domiciled in Ohio

and not in California. The child was no longer the ward or responsibility of the state of California, but was the responsibility of the state of Ohio.

Thus, in *Cunningham* v. *Cunningham* our Supreme Court distinguished *Van Divort* v. *Van Divort, supra.*

We find that the facts controlling the legal relationships of the parties in the instant case are identical, except that the question of domicile is reversed. The law of Ohio, as set forth by the *Cunningham* case, must apply relative to the continuing jurisdiction under the facts of the instant case.

We hold, therefore, that an Ohio court, under the instant facts, does not have jurisdiction over residents domiciled in Oregon, and sustain plaintiff's assignment of error number one. To whatever extent, this opinion in the prior hearing, being case number 953, under the date of September 23, 1972, is in conflict as to the question of jurisdiction, and it is hereby overruled.

This court feels that it should clarify the situation relative to the jurisdiction of the Court of Common Pleas under R. C. 3109.06, and that we are strictly construing the limitations of jurisdiction of said section only to the facts of the instant case, wherein the mother, who has legal custody, and the child are domiciled and residing in the state of Oregon. We hold the central concern in these types of cases to be the best interests of the child. However, we cannot assume that the state of Oregon is incapable of determining that question.

As an aside, it can be noted that an Oregon Court has already adjudicated the facts of the instant case from Oregon's point of view, and has refused to grant full faith and credit, maintaining that Oregon is the best judge of the welfare of its citizens. This case was not cited as legal authority, but was attached as Exhibit D to plaintiff's brief. The holding of the Court in the instant case does not affect jurisdictional matters relative to support and alimony.

Continuing further, on the matter of our limiting the jurisdiction conferred under R. C. 3109.06, it can be stated that this does not restrict an Ohio court in continuing its jurisdiction from the original divorce decree if and when

the child resides in Ohio. We hold that if and when a child resides in Ohio, even though he may be domiciled in another state, the Ohio court will have continuing jurisdiction. See *In re Fore*, 168 Ohio St. 363. Again, the central issue will be what is in the best interest of the child, and the state in which the child is residing should be the one to make that determination.

Having sustained plaintiff's assignment of error number one, and this being dispositive of the case, there is no need to consider assignments of error numbered two and three.

The judgment of the Court of Common Pleas is reversed and final judgment is rendered for the plaintiff.

*Judgment reversed.*

LYNCH, P. J., and O'NEILL, J., concur.