MURCK, APPELLEE, *v.* MURCK, APPELLANT.

[Cite as Murck v. Murck (1976), 47 Ohio App. 2d 292.]

(No. 34615—Decided February 26, 1976.)

*Mr. William L. Ziegler* and *Mr. Herbert J. Hoppe,* for appellee.

*Mr. James M. Wilsman,* for appellant.

CORRIGAN, J. In February of 1974 Patricia Murck was granted a divorce from Sanford Murck in the Court of Common Pleas of Cuyahoga County. In that divorce decree the custody of two minor children was awarded to the mother. On October 3, 1974, Sanford Murck filed a motion in the Court of Common Pleas for change of custody. He alleged that due to changed circumstances since the divorce decree it would be in the best interests of the children that he be awarded custody. At the time of the filing of the motion the mother and children were living in Mexico. The trial court granted the mother's motion to dismiss the father's motion for change of custody for want of jurisdiction and Mr. Murck now appeals to this court.

The following assignment of error has been presented for review:

The trial court erred in holding that it did not have continuing jurisdiction over the issue of custody, when the parent who had been granted custody in the original divorce decree removed herself and the minor children to another jurisdiction.

The trial court's judgment entry does not give the reason for the dismissal but merely states:

· Motion to Dismiss Defendant's Motion for Change. of Custody is well taken and, accordingly, Motion of Defendant to Change Custody is Dismissed with Costs to the Defendant.

Although the reason for the judgment is not indicated it is clear from a reading of the record that the trial court based its decision on the holding in *Heiney* v. *Heiney* (1973), 40 Ohio App. 2d 571, the only case relied upon in the mother's motion to dismiss. Because this court does not agree with the conclusion reached in *Heiney* v. *Heiney, supra,* appellant's assignment of error is well taken.

In the *Heiney* case the Court of Appeals for Columbiana County held:

· ''When a mother having legal custody of a minor child is domiciled in another state with such child, an Ohio court does not have continuing jurisdiction to modify the original custody order.'' *Heiney* v. *Heiney, supra.*

The Heiney decision was based upon the first paragraph of the syllabus in *Cunningham* v. *Cunningham* (1957), 166 Ohio St. 203 which states:

''Where a minor child is properly domiciled in Ohio with a parent having legal custody thereof under a decree of a court of another state, the courts of this state are not required to accord full faith and credit to a subsequently ' modified custody decree of the court of such other state.[1]

In essence, the court in *Heiney* concluded that when the mother and children move to another state the Ohio court which made the original custody order loses jurisdic-

---

[1] In the recent case of *Williams* v. *Williams* (1975), 44 Ohio St. 2d 28, the Ohio Supreme Court held:

"Where a court of another state has awarded custody of a minor child pursuant to a valid *in personam* order, and there is no evidence of a subsequent change in circumstances affecting the best interests of the child, the courts of this state will give full faith and credit to that order."

tion to modify that order *because* when the situation is reversed Ohio is not required to give full faith and credit to the modification of a custody decree of another state. Implicit in this reasoning is the presumption that the court lacks jurisdiction to make an order when there is no guarantee that the order will be enforced outside the state. We do not agree with that proposition.

Courts which have dealt with this particular question under facts similar to those presently before us have consistently held that for purposes of determining jurisdiction it is immaterial whether the court has the power to enforce the order outside the state or whether the order will be given full faith and credit by another state. *Morrill* v. *Morrill* (1910), 83 Conn. 479, 77 A. 1; *Hersey* v. *Hersey,* 271 Mass. 545, 171 N. E. 815; *Hentz* v. *Hentz* (1963), 371 Mich. 335, 123 N. W. 2d 757; *Wallace* v. *Wallace* (1970), 23 Mich. App. 741, 179 N. W. 2d 699. This principle is well summarized in the Michigan case of *Hentz* v. *Hentz, supra,* wherein the court stated:

"In determining the jurisdiction question we need not be plagued with problems of extraterritoriality or entitlement to full faith and credit. Whether the order from which appeal is taken here is good outside of Michigan is not determinative of its validity in this State nor of the jurisdiction of the Michigan court which made it. The want of power to enforce and the want of jurisdiction are two different things. Inability of a court to enforce its decrees extraterritorily does not result in or require the conclusion of lack of jurisdiction.

The overwhelming weight of authority throughout the country is that a court has continuing jurisdiction to modify the provisions of a divorce decree as to the custody of children when the custodial parent and the children have taken up residence in another state. See Anno. 70 A. L. R. 526; 24 American Jurisprudence 2d 924, Section 813. Thus, in *Van Divort* v. *Van Divort* (1956), 165 Ohio St. 141, the Ohio Supreme Court quoted with approval the following language from 17 American Jurisprudence 520, Section 686:

" 'The absence of parents or children from territorial jurisdiction of the court does not, according to the general view, affect the court's power to modify the provisions of its decree respecting the custody of children. This principle is upheld under statutes expressly authorizing the court to modify such a decree as well as in the absence of statute where the court is acting under its inherent powers.' '"

The continuing jurisdiction of Ohio courts to modify custody orders is provided in R. C. 3109.06 and is invoked pursuant to Civ. R. 75(J) by the filing of a motion in the original action and serving the adverse party according to the civil rules. In this case the record indicates that the motion for change of custody was properly served. Therefore the trial court was in error in dismissing the motion for want of jurisdiction.

Since the courts of Ohio have continuing jurisdiction to modify original custody orders when the parent and children move outside the state, the judgment below is reversed and the cause is remanded to the trial court for a ruling on the merits of appellant's motion for change of custody. The issues of full faith and credit and of enforceability outside the state of Ohio are matters to be determined at some later time.

*Judgment reversed.*

DAY and PARRINO, JJ., concur.

---

[2]Although *VanDivort* v. *VanDivort, supra,* is distinguishable from the present case in that it involved a modification of a *support* order and was decided at a time when service of the motion was not required as it is now under Civ. R. 75(J), the proposition of law cited is nevertheless a valid one.