ZIRKALOS v. ZIRKALOS.

1. DIVORCE—DEFAULT—TIME.
   Defendant's claim that plaintiff took her default in a previous divorce action prematurely and that because thereof her previous divorce and subsequent marriage to defendant herein were not valid, *held,* not borne out either by the record or defendant's brief herein.

2. COURTS—EQUALLY DIVIDED COURT—PRECEDENTS.
   No law is made in a case wherein only half of the members of the Supreme Court concurred in the reasons given in the opinion submitted.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation, §§ 432, 433.
[1] Power of court, in absence of express authority, to grant relief from judgment by default in divorce action. 157 ALR 6.
[2] 14 Am Jur, Courts, § 81.
[3-6] 17 Am Jur, Divorce and Separation, §§ 455, 460.
[6] 3 Am Jur, Appeal and Error, § 823.

3. DIVORCE—SETTING ASIDE DECREE—FRAUD—THIRD PARTIES—JURIS-
DICTION.

> While a decree of divorce may be set aside for fraud in its pro-
> curement, or for want of jurisdiction, on the application of the
> party against whom the decree was obtained, it cannot be
> avoided by the party guilty of the fraud nor at the instance
> of third parties, nor can a party who obtains the divorce and
> accepts its benefits afterwards question the jurisdiction of the
> court granting it.

4. SAME—ACCEPTANCE OF BENEFITS OF DECREE.

> Defendant herein who has accepted the benefits to be derived
> from a decree of divorce awarded to his wife from a prior hus-
> band, before defendant married her with knowledge of the
> previous marriage and divorce suit and who has cohabited with
> her for 6 years in good faith may not ask court of equity to
> hold in effect that the relationship was illicit, on the asserted
> ground of a technical defect in the affidavit for the order of
> publication in the previous divorce suit (CL 1948, § 614.46).

5. SAME—JURISDICTION—VOID DECREE—ESTOPPEL.

> One who accepts the benefits of a decree of divorce cannot be
> heard to question the jurisdiction of the court which rendered
> it.

6. SAME—DECREE IN SUIT AGAINST PRIOR SPOUSE—ESTOPPEL—AF-
FIDAVIT OF PUBLICATION—NUNC PRO TUNC ORDER.

> Where defendant is estopped from denying validity of decree
> of divorce granted to his wife from a former husband, it is
> unnecessary to discuss what, at most, is an irregularity in the
> affidavit of publication or the effect of a *nunc pro tunc* order
> in the previous divorce proceeding (CL 1948, § 614.46).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted October 6, 1949. (Docket No. 34, Calendar No. 44,336.) Decided December 8, 1949. Rehearing denied January 9, 1950.

Bill by Marjorie Zirkalos against Ernest O. Zirkalos for divorce on ground of extreme and repeated cruelty. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded for hearing.

*Walter M. Nelson,* for plaintiff.

*Arthur P. Zirkaloso,* for defendant.

*Ernest O. Zirkalos, in pro per.,* on application for rehearing.

Butzel, J.    Plaintiff appeals from an order dismissing her bill of divorce.  The court ruled that her divorce in 1925 from Joseph A. Ebert, her former husband, was invalid and that her marriage to the defendant herein was, therefore, null and void, as she lacked the legal capacity to enter into a marriage contract.  She also appeals from the ruling that an order *nunc pro tunc,* entered on July 30, 1948, validating the prior divorce decree, was of no force and effect in so far as the case at bar is concerned.

In her bill of divorce from defendant in the instant case, begun on May 3, 1948, plaintiff alleges that they entered into a ceremonial marriage on February 11, 1942, and that from that time on until shortly before the filing of the bill they lived together as husband and wife.  They had no children.  She charged defendant with extreme cruelty.  She seeks an equitable division of the property they had accumulated and also temporary and permanent alimony, attorney fees and other relief.  Defendant denies her allegations as to the grounds for divorce and the legality of the marriage.

In a motion filed July 6, 1948, defendant asked for the dismissal of the bill, claiming plaintiff's alleged disability to enter into a valid marriage contract with him.  He claims that the order of publication entered by the Wayne circuit court in chancery in the case of plaintiff, then Marjorie Ebert, against Joseph Ebert, her former husband, did not comply with CL 1948, § 613.46 (Stat Ann § 27.776).  The affidavit of publication in that case was made 70 days after the return of the sheriff showing no service.  There is no showing of any further effort to obtain such service on him.  We need not discuss defend-

ant's further claim that the default in that case was prematurely taken as neither the record nor defendant's brief bear out such claim. In opposition to the motion to dismiss, plaintiff filed an affidavit stating that shortly after the granting of the decree of divorce from Ebert, defendant in the case at bar asked her about the divorce and at his request she gave him a copy of the decree for his examination; that he kept it for over 2 weeks and returned it with the comment that it was all right; that from that time on the parties kept up a close association; that shortly before February 11, 1942, the date of his marriage to plaintiff, defendant, an attorney, again asked for a copy of the decree and kept it until after the marriage. For a period of over 6 years or thereabouts they lived together as husband and wife, without even the slightest indication of any claim that there was a defect in the previous divorce proceedings; that plaintiff always believed that the decree duly entered by the circuit court was proper and that she relied upon her former counsel as well as the express approval thereof by defendant, a member of the bar; that both she and defendant always believed that she was legally divorced.

In a counter affidavit filed by defendant he denies that the decree was at any time exhibited to him; that at the time he was first alleged to have examined it his legal education was incomplete and not sufficient for him to pass upon the validity of the divorce proceedings and, further, that his opinion, had he given one and been competent to do so, could not have validated the decree claimed by him to be void because of lack of proper service of process on defendant in that case.

No claim is made that in the former divorce proceedings the court did not have jurisdiction over the subject matter. The circuit court, however, in the case at bar, held that the court did not have jurisdic-

tion over the defendant in such proceedings, owing to the delay between the time of the filing of the sheriff's return and the order of publication. The court largely relied upon the case of *Smith* v. *Foto,* 285 Mich 361, 385 (120 ALR 801), but in that case no law was made as only 4 members of the Court concurred in the reasons given in the opinion that was submitted. As was said in *Bankers Trust Co.* v. *Foto,* 301 Mich 676, in referring to *Smith* v. *Foto, supra:*

"Two opinions were filed in the case, 4 Justices in the short opinion concurring in the result, so that all that was decided was that the bill contained allegations conferring jurisdiction and commanding the taking of proofs.  *  *  *

"The affidavit for publication was carelessly drawn and the question is raised whether it conforms with the provisions of the statute. CL 1929, § 14109 (Stat Ann § 27.776). It is advisable that the trial judges insist on a more rigid observance of the statute so as to avoid litigation of the kind that now confronts us. However, in the last analysis, it is the duty of the circuit judge to determine whether there is sufficient in the affidavit to conform with the statute. The law is set forth in *Pettiford* v. *Zoellner,* 45 Mich 358, 362, where we said:

" 'It is contended that this affidavit presents no facts which could give the officer jurisdiction to make the order, the deponent merely testifying to information and belief and not even giving the sources of his information. That this affidavit is not what it ought to have been may be fully admitted; but when it is claimed that the order of publication and the subsequent decree of the court are void for this reason, the court may well hesitate before acceding to a construction so far reaching and so destructive.'

"Also, see *Kretzschmar* v. *Rosasco,* 250 Mich 9, where we also said:

" 'If the contents of the affidavit state the statutory requirements and the officer finds enough in it to

satisfy his judgment that the conditions for substituted service exist, he has jurisdiction to make the order.'

"On a collateral attack under the facts in this case, we will abide by the decision of the trial judge in the original case."

The case was one in which fraud was involved, involving the jurisdiction of subject matter and is far different from the instant case.

In *Union Guardian Trust Co.* v. *Grevnin,* 261 Mich 344, the question of improper service was raised by one of the parties in the main case in a direct attack to set aside the decree less than a year from the time that an order *pro confesso* had been entered. This is a far cry from the present case where the controlling question is that of estoppel.

After defendant's motion to dismiss the instant case had been argued and during the time allowed for filing of briefs, plaintiff on the advice of counsel went to Chicago and obtained the written appearance of Ebert, her former husband, in his proper person, and also his consent to the entry of decree of divorce forthwith but dated back to March 19, 1925. This was filed in the former case and a hearing was had before the alternate of the successor to the judge who granted the original decree. A decree was thereupon entered *nunc pro tunc* as of the date of the original decree, "it appearing to the court that the parties to this cause and the public in general have for many years acted in the faith and belief that said decree of divorce was valid and subsisting to all intents and purposes."

Defendant's motion to dismiss the case at bar was granted after the *nunc pro tunc* proceeding in the 1925 divorce case was called to the court's attention. Even though full credence is given to defendant's denial of the examination of the divorce decree before he married plaintiff, nevertheless at that time

the proceedings were public records on file in the county clerk's office and defendant knew of the divorce; he was then a lawyer of years of experience, and he could have made the examination of the file that he subsequently made. If defendant is correct, questions might arise in other cases as to the legitimacy of children had any been born of a marriage thus attacked, and dower rights had a former husband conveyed any real estate after the divorce proceedings. We shall not characterize the relationship of the parties if they lived together for over 6 years while defendant still was married to another party.

The plaintiff could not have attacked the jurisdiction of the court. As was stated in *Van Slyke* v. *Van Slyke,* 186 Mich 324:

"There is no doubt of the power of a court of equity to set aside its own decree of divorce for fraud in its procurement, or for want of jurisdiction, on the application of the party against whom the decree was obtained, and this although the other party may have remarried. But the decree cannot be avoided by the party guilty of the fraud. *Simons* v. *Simons,* 47 Mich 253, nor at the instance of third parties, nor can a party who obtains the divorce and accepts its benefits afterwards question the jurisdiction of the court granting it. *Carlisle* v. *Carlisle,* 96 Mich 128, and cases cited in opinion."

Mr. Ebert, the defendant in the former divorce action, has acquiesced with knowledge for 23 years during which time he was relieved of the duty of supporting plaintiff. The record showed no objection by him to her remarriage. He and the plaintiff have conducted themselves and led the public to believe that the prior decree was valid for all intents and purposes. He certainly could not contest the decree. *Zoellner* v. *Zoellner,* 46 Mich 511, *Livingston* v. *Livingston,* 276 Mich 399, *Hardy* v. *Hardy, ante,* 415.

As both parties to the former divorce are precluded from contesting, does the defendant herein have the right to do so collaterally? His pleadings are not based on fraud or on the jurisdiction over the subject matter, but on the asserted technical defect in the affidavit for the order of publication. With full knowledge of the existence of the prior adjudication, he has accepted the benefits to be derived from it. The parties have cohabited as husband and wife for 6 years in good faith. Can he now in good conscience ask this Court of equity to hold in effect that the relationship was illicit? In *Robson* v. *Robson,* 161 Mich 293, the Court stated:

"It is apparent that the complainant has been guilty of no wrong in this regard. An able and eminent lawyer had charge of her divorce proceedings, and an eminent judge granted her decree. Even if the statute should be held to be mandatory and the taking of the testimony and entry of the decree prior to the lapse of 4 months should be held to avoid the decree, the court ought not to facilitate the making of such an inequitable defense."

And in *Campbell* v. *Campbell,* 164 Misc 647 (1 NYS2d 619):

"Respondent should not be heard to question the validity of a marriage which he himself induced and which he encouraged petitioner to enter into, and in which marriage the petitioner entered in entire good faith, in the belief fostered and created by respondent that the marriage would be a valid one."

That court also said:

"The rule  *  *  *  which must be applied to the case at bar, will not permit the respondent to use the courts of this State to perpetrate an outrage against society as well as an injustice upon the petitioner by permitting the defense asserted by him to succeed."

In *Livingston v. Livingston,* 276 Mich 399, 403, we quoted from *Jackson City Bank & Trust Co.* v. *Fredrick,* 271 Mich 538, 546, as follows:

"One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it."

Defendant lived with plaintiff for these many years. He is now estopped from denying the validity of the divorce decree. This conclusion makes it unnecessary to discuss what at most is an irregularity in the affidavit of publication or the effect of the *nunc pro tunc* order in the original divorce proceeding.

The order to dismiss the bill is reversed and the cause remanded for a hearing on the merits. Costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.