PEOPLE *v* FORGASH

Opinion of the Court

1. Witnesses—Impeachment—Prior Written Statements—Contradictory Testimony.

A witness's prior written statement to police that on the date of the crime with which defendant was charged that the witness believed that he had written down his telephone number and gave it to the defendant was inadmissible to impeach that witness at defendant's trial where the witness testified that he had no recollection whatever as to whether he had given defendant his telephone number because the witness's testimony was qualified, rather than a definite contradiction of his prior written statement.

2. Evidence—Prior Written Statement—Past Recollection Recorded—Admissibility.

A prior written statement of a witness might be admissible in a criminal case under the theory of recollection recorded if the statement is accurate when given and, generally, is made contemporaneously with the events which the statements describe, or shortly thereafter.

3. Evidence—Prior Written Statements—Admissibility.

A witness's prior written statement made to police almost four months after the events which the statement described, was not admissible under the theory of past recollection recorded.

Dissent by R. B. Burns, P. J.

4. Witnesses—Impeachment—Prior Written Statements—Contradictory Testimony—Admissibility.

*A witness's prior written statement to police that he thought that he had written his telephone number down and had given*

References for Points in Headnotes

[1, 4] 58 Am Jur, Witnesses § 767 *et seq.*

[2, 3] 29 Am Jur 2d, Evidence §§ 876, 877.

*it to the defendant on the night of the robbery charged was*
*admissible to impeach the witness's statement at trial that*
*he could not recall whether he had given his telephone number*
*to defendant.*

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 December 7, 1971, at Grand Rapids.
(Docket No. 10620.) Decided February 23, 1972.
Leave to appeal denied, 387 Mich 799.

Richard Forgash was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*
*Derengoski,* Solicitor General, and *Eugene C. Pen-*
*zien,* Prosecuting Attorney, for the people.

*Wilson & Stone,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant was convicted by a
jury of breaking and entering with intent to com-
mit larceny (MCLA 750.110; MSA 28.305). The
crime was alleged to have occurred at the premises
of the Michigan Steel Products Company in Bay
City. Certain evidence was found near the scene of
the breaking which tended to link the defendant to
the crime. The evidence consisted of a pair of pre-
scription sunglasses which the defendant admitted
to be his, but which defendant claimed he lost while
he was an employee of Michigan Steel Products.
Also found was a partially depleted package of
Camel cigarettes (defendant's brand) and a piece of
paper on which was written the name "Jerry" and
a telephone number, which paper was tucked inside
the cellophane of the cigarette package. The crime

was alleged to have occurred either on the evening
of Saturday, February 21, 1970, or the early morn-
ing of Sunday, February 22, 1970.

. At defendant's trial, one Gerald Kosecki testified
that the number on the piece of paper was his tele-
phone number and that the defendant was at his
home on the evening of Saturday, February 21, 1970.
Mr. Kosecki could not recall, however, whether he
had given the defendant his telephone number at
that time. Upon the failure of Mr. Kosecki's mem-
ory, the prosecutor showed him a statement which
Mr. Kosecki had given to the state police on June
11, 1970, and which was written in Mr. Kosecki's
hand. The witness testified that the statement did
not refresh his recollection. The statement was
then introduced into evidence over the objections[1]
of the defendant with the court ruling that it was
admissible for impeachment purposes. The full text
of the statement admitted is as follows:

"Dick [2] and Pete came over to my place Satur-
day, February 21st and I and the wife had company.
I was drinking a few beers before they came over.
Dick went out and got a few more—6 or 12. He was
only gone a few moments and my wife smelled some-
think like wiring burning. Dick looked at it but I
told him he could come back maybe the next day and
look at it, so I believe I wrote down my phone num-
ber to call me before he did come over. I never seen
him the next day. He was over but I wasn't home."

The defendant on appeal argues that the introduc-
tion of this statement into evidence constitutes re-
versible error, and we agree.

---

[1] The fact that defense counsel later used the fact that "Miranda"
warnings were printed at the top of the sheet to discredit Kosecki
by suggesting that he was a suspect is irrelevant. Counsel's objection
had been preserved and he was merely attempting to make the best
of a bad situation.

[2] Referring to defendant, Richard Forgash.

In this case, there was an insufficient contradiction between the witness's testimony and his prior statement to warrant the introduction of that statement for impeachment purposes. On the stand the witness testified that he had no recollection whatsoever regarding whether or when he gave the defendant his telephone number on a piece of paper. The witness's prior statement to the police officer was not a definite statement to the contrary but rather was qualified. Most of the text of the witness's statement to the police was given in definite, positive terms; however, the sentence dealing with giving the defendant his telephone number was decidedly qualified. This is not a sufficient contradiction from which the jury could infer anything regarding the truthfulness of the witness.[3]

While there is some precedent that prior statements of witnesses may be admitted in criminal cases under the theory of past recollection recorded,[4] the statement here introduced does not even meet the qualifications for admission into evidence under that theory. In order for a statement to be admitted under that theory there must be some showing that the statement was accurate when given. It is generally desirable that the statement be made contemporaneous with the events described therein, or at least shortly thereafter. *Koehler* v *Abey,* 168 Mich 113 (1911). The statement here introduced was made almost four months after the events described, and therefore its admission into evidence may not be supported on this theory.

We do not reach the question of the possible violation of defendant's rights of confrontation and

---

[3] See *Hill* v *Harbor Steel & Supply Corp,* 374 Mich 194, 215 (1965).

[4] *People* v *Hobson,* 369 Mich 189 (1963), has been cited for that proposition; however, only three of the seven justices participating in that case concurred in the opinion which advances that proposition. See *Zirkalos* v *Zirkalos,* 326 Mich 420, 424 (1949).

cross-examination by the admission of statements under the "past recollection recorded" theory. While this is a serious constitutional question, a broad prohibitive rule may not be the best course to follow. For example, in a metropolitan area such as Wayne County, a pathologist who is required to perform autopsies on numerous victims of homicide during the course of any given year could not possibly retain an independent recollection of each examination. Yet his testimony is an indispensable factor in establishing the *corpus delicti* in any prosecution of such homicide cases. A blanket exclusion of testimony based on "past recollection recorded" might well render any prosecution impossible.

We see other situations where such testimony would have to be admitted, but to enumerate now is unnecessary.

Reversed and remanded.

Fitzgerald, J., concurred.

R. B. Burns, *P. J. (dissenting)*. I cannot agree with my colleagues that the statement of Gerald Kosecki was inadmissible for impeachment purposes.

At one time Kosecki told the police that the defendant had been to his home the night of the alleged robbery and he thought he had "wrote down" his phone number for the defendant. At trial he testified that he could not recall whether or not he had given the defendant his phone number. In my opinion there is a contradiction between the testimony of the witness and the statement. The statement was properly admitted to impeach Kosecki's testimony.

I would affirm.