## ALBERT *v.* PATTERSON.

1. LIMITATION OF ACTIONS—ESTOPPEL—BILL OF REVIEW.

Shortly before the statute of limitations had run against complainant's deficiency decree, her solicitors filed a petition for leave to issue execution against defendant in the suit. Objection being made, the circuit judge took the matter under advisement and would have entered an order allowing execution except that defendant's solicitors presented to him a petition to file a bill of review which the judge granted *ex parte*, staying at the time the proceedings under the petition for execution. The court was advised by defendant's solicitors that their application conformed to the rules of practice and the proceedings were regular, and, in reliance on such assurance, neglected to grant, as he otherwise would have done, the preceding petition for execution. The solicitor for defendant failed to notify complainant or her counsel of the said proceedings for review of the decree or the order so made although the court requested him and he

consented so to do. Complainant's solicitor did not learn of the order until after the statute of limitations had run against the deficiency decree; immediately on learning of the action of the court he made objection to the regularity of defendant's petition and procured an order for execution under the decree. On demurrer to complainant's bill in aid of her execution, *held*, that the *ex parte* order allowing defendant to file a bill of review and staying proceedings was improvidently granted, and defendant was estopped by the irregular action of her solicitors in procuring the order from relying on the statute of limitations as a defense.

2. SAME—BILL OF REVIEW.

If defendant's petition had been regularly granted and her bill of review had been dismissed at the hearing, the proceeding would have interrupted the running of the statute and defendant would have been still liable for the deficiency.

Appeal from Kent; Brown, J. Submitted October 16, 1912. (Docket No. 97.) Decided November 8, 1912.

Bill by Margaret Albert against Clara Patterson and another in aid of an execution upon a decree in chancery. From an order sustaining a demurrer to complainant's bill, the complainant appeals. Reversed.

*William Wisner Taylor*, for appellant.
*Walker & Fitzgerald*, for defendants.

STONE, J. This case is here upon appeal by complainant from a decree sustaining the demurrer of defendants to the amended bill of complaint, and dismissing such amended bill, which was filed in aid of execution. The following statement of facts, contained in the amended bill, shows the history of the case, and the proceedings which led up to it. On May 26, 1899, complainant filed her bill in the circuit court for the county of Kent, in chancery, against the defendant Clara Patterson and others to foreclose a certain land contract. A subpœna was duly issued, and personally served upon the said Clara Patterson and all the other defendants, except one, who was brought in by due order of publication. The sub-

pœna, in the underwriting, stated that a personal decree was sought against the defendant Clara Patterson, and that the bill was filed to reach interests in property, and not to obtain any further relief against the remainder of the defendants. None of the defendants appeared in said cause, and the bill of complaint was duly and regularly taken as confessed, in accordance with the practice of the court. On December 11, 1899, a final decree was duly made and entered in said cause in favor of complainant, and against all of the defendants. The decree referred the case to the circuit court commissioner to make sale of the . premises, and to report any deficiency that might arise on the sale. The decree was dully enrolled on February 26, 1900. On March 3, 1900, the commissioner made sale in pursuance of the decree and filed his report, which showed a deficiency on such sale of $563.16. The land contract sued upon drew interest at the rate of 6 per cent. per annum. No payment of such deficiency, or any part thereof, has ever been made, or tendered by said Clara Patterson, or by any one in her behalf.

On November 29, 1909, complainant filed her petition praying for leave to have execution issue against said Clara Patterson for such deficiency. Copy of said petition and notice of the hearing thereof were duly personally served on said Clara Patterson on said November 29th; the hearing being on December 6, 1909. On the last-named day said Clara Patterson appeared by her solicitors in opposition to granting the prayer of the petition. At the request of the solicitors of said Clara Patterson, the argument of the petition was adjourned to the next day, December 7th. On the last-named day, said petition and matter were fully argued by the solicitors for the respective parties, and the court took the same under consideration and advisement. On December 9, 1909, without any notice to complainant, one of the said solicitors for the defendant Clara Patterson, and acting for her, induced the said circuit judge, at chambers, by an *ex parte* application, to grant an order for leave to file a bill of review in

said proceedings, which order, among other things, provided:

"That no further proceedings be had in the original cause of *Albert* v. *Patterson*, pending hearing of same."

Said petition of Clara Patterson for leave to file bill of review was verified by her on December 6, 1909, and certified by her said solicitors on December 7, 1909. Said order so made by said court at chambers, December 9, 1909, in the caption thereof purports to have been made in open court, whereas in fact it was made in chambers, and without notice to the complainant, her solicitor, or any one in her behalf.

When said order was made, as aforesaid, the circuit judge inquired of one of the solicitors for said defendant Clara Patterson, having the matter in charge, whether the said practice in the said matter of said *ex parte* application for leave to file a bill of review was regular, and in accordance with the statutes of the State and the rules and practice of the court, and was then and there assured by said solicitor that said practice was regular and in accordance with the statutes and rules and practice, and said circuit judge, relying on said assurance of said solicitor, and not having time to examine therein, improvidently granted and made the said order. The said circuit judge, having made the said order, which by its express terms stayed all further proceedings in the original cause of *Albert* v. *Patterson*, wherein execution for deficiency was sought by complainant, deemed it unnecessary to give an opinion in, or decide the matter of, the petition for leave to issue execution submitted on December 7th, and then pending before him, as he otherwise intended to have done, and would have done, in favor of the petitioner, Margaret Albert, and in ample time on or before December 10, 1909, so that the execution prayed for by the complainant could issue and be levied within 10 years from December 11, 1899.

At the time said circuit judge made such *ex parte* order,

it was then and there understood and agreed by said solic-
itor for defendant Clara Patterson with said circuit judge
that he, said solicitor, should immediately, and on said
December 9th, notify the said solicitor for complainant of
the making thereof, and serve said complainant's solicitor
with a copy thereof.   Said order so made at chambers *ex
parte*, and without notice to complainant, or any one in
her behalf, was prepared and drafted by said solicitor for
said defendant Clara Patterson.   Defendant's said solicitor
utterly failed to give any notice whatever, verbal or other-
wise, of the granting of said order to the solicitor for com-
plainant, or to the complainant, or to any one in her be-
half.    Complainant's said solicitor did not learn of the
making of the said order until late in the afternoon of
December 13th, when the said circuit judge called said
solicitor to the bench of the court, and inquired of him
whether he had been informed by said defendant's solici-
tor of the making of said order.  Complainant's said solic-
itor then immediately called the court's attention to the
fact that the granting of the order, and the application
therefor, were irregular, and not in accordance with the
rules and practice of the court.    Thereupon said circuit
judge sent for the said solicitor for defendant to at once
appear in open court, and, upon his doing so, the circuit
judge informed said defendant's solicitor that the court
had been misled to improvidently grant said petition, and
make said order, and then and there granted said petition
for execution for deficiency, and directed said solicitor for
complainant to prepare the proper order therefor.   Said
order was prepared and signed late in the afternoon of
December 13, 1909.   Execution was taken out and a levy
made on defendant Clara Patterson's property December
14, 1909.   On February 5, 1910, complainant filed a bill
in aid of said execution so levied.   To this bill defendants
demurred on the ground that at the time the execution
was issued and levied the statute of limitations had run,
the original decree having been made as heretofore stated,
on December 11, 1909.   This demurrer was overruled by

the court below, but was sustained on appeal to this court in *Albert* v. *Patterson*, 167 Mich. 162 (132 N. W. 548), in which this court said:

"A question is raised by complainant as to the estoppel of defendants against presenting the above ground of demurrer by reason of their alleged conduct in delaying the issuance of the execution and procuring a stay of proceedings, which we do not deem it proper to determine upon this record."

The order was therefore reversed, and the demurrer sustained, with leave to complainant to amend her bill so as to set up the claimed estoppel. An amended bill was accordingly filed, setting up in full the granting of the *ex parte* order, and the conduct of defendants' solicitor, as hereinbefore stated. To this amended bill defendants demurred; the sole ground of the demurrer being the running of the statute of limitations, and that the reasons set up in the amended bill, for failure to issue the execution within 10 years from the decree, are wholly insufficient. The court below sustained the demurrer and dismissed the bill, and the complainant has appealed.

The important question here presented is, Are not the said defendants estopped from demurring to the amended bill of complaint for the reasons set forth therein? We are here dealing with a demurrer to an amended bill of complaint, the material allegations of which must be considered as true. One of the allegations is that the circuit judge, having made the *ex parte* order, deemed it unnecessary to give any opinion, or decide the matter of the petition then pending before him, as he otherwise intended to have done and would have done in favor of the petitioner Margaret Albert, in ample time, on or before December 10th, so that the execution prayed for could have been issued and levied within the 10 years. It appears, then, that the solicitor for the defendants, by irregular practice, induced the circuit judge to grant an improvident and irregular order authorizing the defendant Clara Patterson to file a bill of review which said order restrained

all further proceedings in the original case of *Albert* v. *Patterson.*

It is contended by counsel for defendants:

(1) That as knowledge of this order did not come to complainant's solicitor until December 13th, after the 10 years had elapsed, it could not have operated on the actions of complainant's solicitor.

(2) That the order did not operate to prevent complainant from proceeding to sue at law upon the decree within the 10 years.

In our opinion the question is not what effect the irregular order had upon complainant or her solicitor, but what the effect was upon the action of the circuit judge. Clearly, by the allegations of the amended bill, the circuit judge was misled, and lulled into inaction upon the petition, by the irregular practice of defendants' solicitor. He did not act upon the petition within the statutory period as he otherwise would have done. Neither is it an answer to say that complainant might have sued at law on the decree. She was proceeding in a legal manner to enforce her rights, but was prevented from doing so by the inaction of the circuit judge, which inaction had been brought about by the irregular practice of defendants' solicitor. Should not defendants under such circumstances be held to be estopped from pleading the statute of limitations? We think so. See *Steele* v. *Bliss,* 166 Mich. 593 (132 N. W. 345, 37 L. R. A. [N. S.] 859), and the cases there cited, especially *Wakefield* v. *Brown,* 38 Minn. 363 (37 N. W. 788, 790, 8 Am. St. Rep. 671), where this language is used:

"On the same principle, if the defendant brought a writ of error, and thereby hindered the plaintiff from taking his execution within a year, and the plaintiff in error was nonsuited, or the judgment affirmed, the defendant in error might proceed to execution after the year, without *scire facias,* because the writ of error was a *supersedeas* to the execution, and the plaintiff must acquiesce until he hears the judgment above. The reason for this is that the stay of execution being with the consent and for the

benefit of the judgment debtor, and the injunction or writ of error being his own act, he should not take advantage of them, nor could he be surprised or prejudiced by the delay, because that delay was in fact referable to himself."

If leave to file bill of review had been regularly granted, and such bill had been dismissed at the hearing, still said defendant would be liable for the deficiency. The demurrer should have been overruled.

The decree below is reversed, and the cause will be remanded, with leave to defendants to answer. The appellant will recover her costs in this court.

MOORE, C. J., and STEERE, McALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.