MEIER v. MEIER.

1. PROCESS—NONRESIDENT DEFENDANT—PUBLICATION.
   Publication of order for appearance which had not been preceded
   by attempted personal service thereof by registered or certified
   mail failed to give court jurisdiction in husband's suit for
   divorce against wife then living outside of the State (CL 1948,
   § 613.46, as amended by PA 1958, No 228, §§ 613.47, 613.49).

2. JUDGMENT—DEFAULT—JURISDICTION—PROCESS.
   A default was irregularly entered, where court did not have juris-
   diction over defendant by reason of failure to comply with
   statute providing for effecting service of process by publication
   only after failure to obtain personal service upon a nonresident
   by registered mail, return receipt demanded, upon attempt to
   do so (CL 1948, § 613.46, as amended by PA 1958, No 228,
   §§ 613.47, 613.49).

3. SAME—SETTING ASIDE IRREGULARLY ENTERED DEFAULT—SPECIAL
   APPEARANCE—ANSWER.
   A defendant against whom a default had been irregularly entered
   may not be required, upon appearing specially to challenge the
   court's jurisdiction, to appear generally and file or proffer a
   sworn answer showing a defense on the merits (Court Rule No
   28, § 4 [1945]).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted December 5, 1960. (Docket No. 97, Calendar
No. 48,473.) Decided March 1, 1961.

Bill by Fred J. Meier against Bess Meier for
divorce on grounds of extreme cruelty. Substituted

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 321 et seq.
[2] 42 Am Jur, Process § 66.
[3] 3 Am Jur, Appearances §§ 11, 17.

service by publication without mailing of notice. Defendant moved to set aside default decree taken by plaintiff. Motion denied. Defendant appeals. Reversed.

*George F. Roberts,* for plaintiff.

*Luther C. Green,* for defendant.

Dethmers, C. J. Plaintiff filed a bill for divorce. He obtained an order for defendant's appearance under CL 1948, § 613.46, as last amended by PA 1958, No 228 (Stat Ann 1959 Cum Supp § 27.776), on the ground that she resided outside this State at the address set forth in his affidavit therefor. Publication of the order was had as in the ensuing section of the statute provided, but no copy was mailed to defendant by registered or certified mail nor was any proof of such mailing ever filed in the cause.

Plaintiff ultimately took a decree of divorce by default. A copy of the decree was mailed to defendant. She, thereupon, appeared specially and petitioned to have the decree set aside because no service had been made upon her by mail or otherwise. Plaintiff filed an answer to the petition admitting the above facts and pointing out that defendant's petition was not accompanied by an answer to his bill of complaint. The court denied the petition. Defendant appeals.

Plaintiff says that under CL 1948, § 613.47 (Stat Ann § 27.777), he had the option of serving personally, or by registered mail, or by publication; that publication, without mailing, was sufficient, citing *Paynton* v. *Paynton,* 194 Mich 504.

Decree in *Paynton* was entered on July 8, 1915. It appears that there then was no statutory requirement as contained in CL 1948, § 613.49 (Stat Ann § 27.779), enacted in the judicature act of 1915 and

made effective January 1, 1916,* requiring such mailing. That section now expressly provides:

"In all cases except where personal service of such order shall have been had as hereinbefore provided, and excepting further in case of unknown heirs or other unknown defendants, a copy of such order shall be mailed to such absent, concealed or nonresident defendant at his last known post office address by registered mail, and a return receipt demanded therefor. Proof by affidavit shall be required of such mailing and the official return receipt therefor shall be attached to said affidavit if one shall have been received, which receipt shall be deemed sufficient proof of the service upon said defendant of such copy of said order. If such return receipt shall not be received then said order shall be published as hereinbefore provided."

There is no merit to plaintiff's contention that the last quoted sentence allows publication in lieu of such mailing. It does not permit publication instead of, but, rather, requires publication in addition to and after such mailing by registered mail, return receipt demanded, if such return receipt is not received.

The statutory requirements were not met here. They must be strictly complied with to confer jurisdiction upon the court over defendant. *Campau* v. *Charbeneau,* 105 Mich 422.

Plaintiff refers to Michigan Court Rule No 28, § 4 (1945), which provides that in order to be entitled to an order setting aside his default in equity, a defendant must proffer a sworn answer showing a defense on the merits. This the defendant did not do here. The language of the rule itself, relating to defaults for want of appearance or answer, makes no mention of defaults irregularly entered without jurisdiction in the court over defendant. Defendant

---

* See CL 1948, § 681.3 (Stat Ann § 27.3547).—REPORTER.

appeared specially to challenge the court's jurisdiction. She could not be required to appear generally by filing or proffering an answer. *Schwab* v. *Mabley,* 47 Mich 512. She was entitled to an order setting aside the decree without first proffering an answer.

Reversed. An order may enter setting aside the decree. Costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.