BARBER *v.* TUOHY

1. PROCESS—AMENDMENT—MATERIAL PREJUDICE—COURT RULE.

Any kind of process may be amended at any time; only where it clearly appears that material prejudice would result to the substantial rights of the other party must the amendment be denied (GCR 1963, 13, 102.3).

2. PROCESS—SERVICE ON SECRETARY OF STATE—NOTICE—STATUTES.

A plaintiff's failure to mail to a nonresident defendant in an automobile negligence case notice that the Secretary of State also had been served, a notice statutorily required, *might* be invalidating in the sense that no judgment could be entered against the defendant unless and until the defect was cured (MCLA § 257.403).

3. PROCESS—SERVICE ON SECRETARY OF STATE—NOTICE—AMENDMENT.

A plaintiff's failure to mail to the nonresident defendant in an automobile negligence case notice of service upon the Secretary of State, a notice required by statute is curable by amendment (MCLA § 257.403; GCR 1963, 13, 102.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur, Process §§ 20–22.
[2, 3, 8] 8 Am Jur 2d, Automobiles and Highway Traffic § 867.
    Construction and application of statute providing for constructive or substituted service of process or nonresident motorist. 138 ALR 1464.
[4] 51 Am Jur 2d, Limitation of Actions § 457.
[5] 4 Am Jur 2d, Appeal and Error § 81.
    Appealability of order overruling or sustaining motion to quash or set aside service of process. 30 ALR2d 287.
[6, 7] 51 Am Jur 2d, Limitation of Actions § 217 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 971.

4. PLEADING — DEFENSES — STATUTE OF LIMITATIONS — AFFIRMATIVE
   DEFENSE.
     The statute of limitations is an affirmative defense and until it
     is raised it is not in issue.

5. PROCESS—DEFECTIVE PROCESS—QUASHING PROCESS—APPEAL AND
   ERROR.
     An order quashing process and service upon nonresident de-
     fendants in an automobile negligence case because the plain-
     tiffs had failed to mail the defendants the statutorily-required
     notice that the Secretary of State had also been served did
     not end plaintiffs' action; until the plaintiffs' complaint had
     been dismissed, there was no final judgment or order appealable
     as of right.

6. PLEADING—AMENDMENTS—STATUTE OF LIMITATIONS.
     Amendments should be freely granted even after the expiration
     of the statute of limitations where the defendant has not been
     materially prejudiced (GCR 1963, 13).

7. PLEADING—AMENDMENTS—COURT RULES.
     The policy of the court rules regarding amendments is that in-
     substantial defects should be overlooked (GCR 1963, 13).

8. AUTOMOBILES—NONRESIDENT DEFENDANTS—SERVICE ON SECRETARY
   OF STATE—NOTICE.
     Nonresident defendants in an automobile negligence case had
     a substantial right to receive notice of the commencement of
     plaintiffs' action within the statutory limitational period; how-
     ever, the plaintiffs' failure to mail to the defendants notice
     that they had also served the Secretary of State did not
     prejudice the defendants (MCLA § 257.403; GCR 1963, 13).

9. APPEAL AND ERROR—PROCESS—DEFECTIVE PROCESS—REMAND FOR
   CORRECTION.
     Remand by an appellate court to correct a defect in process is
     permissible.

Appeal from Wayne, Neal Fitzgerald, J. Sub-
mitted Division 1 April 15, 1970, at Detroit. (Docket
No. 7259.) Decided April 27, 1971. Leave to appeal
denied July 13, 1971. 385 Mich 764.

Complaint by James Lewis Barber and Bessie
Barber against Donald H. Tuohy and Michael Stan-

ford Tuohy for personal injuries sustained in an automobile collision. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch* (by *Richard H. Scholl*), for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants.

Before: T. M. BURNS, P. J., and LEVIN and DAVIDSON,* JJ.

PER CURIAM. The complaint alleges that plaintiff James Lewis Barber was injured on April 22, 1965, when an automobile he was driving was struck by one owned by defendant Donald H. Tuohy which was being driven at the time by defendant Michael Stanford Tuohy.

Plaintiffs' complaint was filed April 18, 1968. The defendants were then residing in California and the plaintiffs attempted to serve them under the nonresident motorist act, MCLA § 257.403 (Stat Ann 1968 Rev § 9.2103). A summons and a copy of the complaint were served on the Secretary of State, and were mailed to the defendants by registered mail and received by them. The plaintiffs, however, failed to include in the envelope addressed to the defendants the notice, required by the act, that the Secretary of State had been served.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Service of such summons shall be made by leaving a copy thereof with the secretary of state, or his deputy, who shall keep a record of each such process and the day and hour of service, and such service shall be sufficient service upon such nonresident, provided that *notice of such service* and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff

On July 22, 1968, the defendants filed a motion to quash the service of process on the ground that the defendants "were purportedly served with process by registered mail on June 18, 1968,[2] but were not served with a notice of service upon the Secretary of State", as required by the act.

After the motion was filed plaintiffs' present attorney was substituted for the attorney who had filed the complaint in plaintiffs' behalf. On August 22, 1968, an order was entered by the trial court granting defendants' motion and quashing service of process. An application for a delayed appeal from that order was denied by our Court on December 31, 1968.

On January 9, 1969, a second action was commenced by the plaintiffs against the defendants making the same allegations and seeking the same relief as was sought in the action first commenced. The defendants were properly served in the second suit in some manner. Notice was sent to the defendants by the plaintiffs that the Secretary of State had been served but it is unclear whether such notice was sent in the second action or the first or in both.

The defendants then moved for accelerated judgments in both actions on the ground that the plaintiffs' claims were barred by the statute of limitations. The trial court granted the motions and an order of accelerated judgment of no cause of action was entered in each case. Plaintiffs filed a claim of appeal which has been treated as a claim of appeal from the order dismissing the action first filed.

---

or his attorney to the defendant." MCLA § 257.403(a) (Stat Ann 1968 Rev § 9.2103[a]). (Emphasis supplied.)

[2] We were advised that the running of the three-year statute of limitations was tolled for a period not to exceed 90 days when, on or before April 22, 1968, a copy of the summons and complaint were placed in the hands of an officer for immediate service. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

In *Tomkiw* v. *Sauceda* (1965), 374 Mich 381, 384, fn 3, the Michigan Supreme Court declared:

"The lack of objection by defendant on motion to dismiss to the fact that a *notice* of service of the summons on the secretary of state was not served on defendant, as it *and* a copy of the summons itself are required to be by the statute, constitutes a waiver by defendant of any deficiency in that regard. Such a defect could be invalidating when properly brought to the trial court's attention." (Emphasis by the Court.)

It will be observed that the Court did not say that such a defect would necessarily be invalidating; only that it "could be". Also, the Court spoke cautiously and carefully when it described the defect as *"any* deficiency" rather than *the* deficiency.[3] Additionally, the *Tomkiw* Court did not consider the possible application of GCR 1963, 13 and 102.3, which read as follows:

Rule 13. Construction. "These rules are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties."

Rule 102.3. "Amendment. At any time and upon such terms as it deems just, the court may in its discretion allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

---

[3] In *Bush* v. *Watson* (1966), 3 Mich App 94, 96, 99, there was a failure not only to give notice to the defendant of service on the Secretary of State but, additionally, the plaintiff made no attempt to serve the defendant with a copy of the summons until more than six months after the statute of limitations had expired.

It will be observed that under Rule 102.3 process can be amended at *any* time. *Any* kind of process may be amended. Only where it *clearly* appears that *material* prejudice would result to the *substantial* rights of the other party must the amendment be denied.

The failure to mail to the defendants notice that the Secretary of State also had been served might be invalidating in the sense that no judgment could be entered against the defendants unless and until this defect was cured. But we see no reason why the failure to give such notice could not be cured by amendment. Whether viewed as a defect in the documents evidencing the process or as a defect in the service of those documents,[4] the failure to notify the defendants that the Secretary of State had been served was curable by amendment under Rules 13 and 102.3.

After the motion to quash was granted and before the accelerated judgment was entered, the plaintiffs mailed the omitted notice to the defendants. Clearly, the plaintiffs' purpose was to cure the defect.

The judgment of the trial court is presently before us and the defect can yet be corrected. The defendants' first motion to dismiss was not based on the statute of limitations; it was based solely on the defect in the process and manner of service. The statute of limitations is an affirmative defense.

---

[4] See *C. J. Wieland & Son Dairy Products Co.* v. *Wickard* (D Wis, 1945), 4 FRD 250, where the court granted an amendment under FR Civ P, 4(h) even though the defect was in manner of service rather than in the documents themselves. Professors Wright and Miller comment on this case as follows:

"This decision seems to go a step beyond the correction of a misnomer or technical defect but nonetheless seems correct since the basic requisite of giving notice of the suit before the running of the statute was met." 4 Wright and Miller, Federal Practice and Procedure: Civil, § 1131, p 552, fn 2.

Our rule is based on the Federal rule; see fn 10 and accompanying text, *infra*.

Until it is raised it is not in issue.[5] The order quashing the process and service did not end the action and, therefore, until the complaint was dismissed, there was not a final judgment or order appealable as of right.[6] The process and service of process were amendable before the accelerated judgment now on appeal was granted. And since the accelerated judgment is now before us on appeal, the process and service is still subject to amendment.

The defect is a technical one. The defendants had notice of the pendency of suit before the expiration of the statute of limitations. There was substantial compliance within the statutory period with the requirements concerning both the form and manner of service of process. It does not, in the words of Rule 102.3, "clearly appear that material prejudice would result to the substantial rights of the party against whom the process issued" to enter an order treating the notice that was belatedly mailed as an amendment of the process that was mailed before the statute expired, or, even if it shall be made to appear that the required notice has not as yet been properly mailed, to allow the plaintiff promptly to send the notice in proper form and manner.

This is not a case of a plaintiff abandoning prosecution of his lawsuit when the defect was called to his attention. Continuity of prosecution of this action has been maintained with ample vigor.[7]

---

[5] See *Hewett Grocery Co.* v. *Biddle Purchasing Co.* (1939), 289 Mich 225, 233.

[6] See *Cole* v. *Rustgard* (CA9, 1933), 68 F2d 316; *L. E. Waterman Co.* v. *Parker Pen Co.* (CA3, 1901), 107 F 141, 143. *Cf. Glenn* v. *Holub* (D Iowa, 1941), 36 F Supp 941, 942; *First National Tire & Reliner Co.* v. *Johnson* (1921), 213 Mich 442; *Heikkinen* v. *Hovinen* (1967), 7 Mich App 541.

[7] *Cf. Guastello* v. *Citizens Mutual Insurance Company* (1968), 11 Mich App 120, 131, where we observed:

"There is some authority that even though a defective service of which the defendant is aware will not support a judgment, in ap-

The principle that amendments should be freely granted even after the expiration of the statute of limitations where the defendant has not been materially prejudiced was applied by our Court recently in *Doan* v. *Chesapeake & Ohio R. Co.* (1969), 18 Mich App 271, 280. The plaintiff, the widow of a man killed as a result of a collision with one of the defendant's trains, commenced an action for wrongful death in her own name. After the expiration of the statute of limitations she was appointed administratrix of her husband's estate and an amended complaint was filed by her in that capacity. We ruled that under the liberalized concepts embodied in the General Court Rules of 1963, contrary to an earlier opinion of the Supreme Court of Michigan,[8] the substitution of the administratrix for the wife as the plaintiff did not introduce a new and different cause of action. In reversing the trial court's dismissal of the action we said:

"This Court holds that subrule 118.1 imposes a limitation on the discretion of the trial court in denying leave to amend necessitating a *finding* that justice would not be served by the amendment". (Emphasis supplied.)

Although a different court rule (Rule 102.3) is here pertinent, the same fundamental concept underlies all the provisions concerning amendments, namely, insubstantial defects should be overlooked, in the words of Rule 13, "so as to avoid the consequences

propriate circumstances defendant's knowledge of the attempted service may toll the statute of limitations." In *Guastello* the plaintiff was most dilatory. We decided that under the circumstances of that case the plaintiff was not entitled to the benefit of such a rule.

[8] *Simonelli* v. *Cassidy* (1955), 343 Mich 657. *Cf. Rood* v. *McDonald* (1942), 303 Mich 634, 639; *Gratiot Lumber & Coal Co.* v. *Lubinski* (1944), 309 Mich 662, 668.

of any error or defect in the proceedings which does not affect the substantial rights of the parties".[9]

The only substantial right of the defendants that is involved is the right to receive notice of the commencement of suit within the statutory limitational period; this the defendants received and they were not at all prejudiced by nondelivery of notice that the Secretary of State had also been served.

Remand to correct a defect in process is precedentially supported by *Harrison* v. *Harrison* (1893), 94 Mich 559, where the Court acknowledged that a decree could not be granted on an unverified cross-bill, and remanded with the direction that the trial court allow the cross-bill to be verified and then enter judgment in favor of the defendant husband granting him annulment of the marriage. Similarly, see *Van Slyke* v. *Van Slyke* (1914), 183 Mich 536, 540; *Wallace* v. *Wallace* (1970), 23 Mich App 741, 747.

Court Rule 102.3 is based on FR Civ P, 4(h).[10] The Federal courts have ruled that an amendment of process under Rule 4(h) should be granted freely and that when granted the amendment relates back, with the result that the action is not barred by ex-

---

[9] See *United States* v. *A. H. Fischer Lumber Co.* (CA4, 1947), 162 F2d 872, where the Court of Appeals for the Fourth Circuit reversed a trial court decision refusing to amend process in a case where the statute of limitations had run.

[10] See Committee Note to Rule 102.3, reprinted as annotation in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 39.

The Federal rule reads:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." FR Civ P, 4(h).

Amendments of process were, of course, provided for and allowed under the former practice. *Fildew* v. *Stockard* (1932), 256 Mich 494, 498; *Daly* v. *Blair* (1914), 183 Mich 351, 353; *Job* v. *Grand Trunk Western R. Co.* (1929), 245 Mich 353.

piration of the statute of limitations between the time of service and the time of amendment.[11]

Our disposition of this case makes it unnecessary to consider whether the service by mail made when the first action was commenced was good under the provisions of MCLA § 600.1913 (Stat Ann 1962 Rev § 27A.1913), even though a summons and a copy of the complaint were not served on "such agent, employee, representative, salesman or servant of the defendant as may be found within the state".[12]

Remanded for further proceedings consistent with this opinion. Costs to abide the event.

---

[11] 2 Moore's Federal Practice, ¶ 4.44, pp 1295.52–1295.53, fn 16; 1 Barron and Holtzoff, Federal Practice and Procedure, § 186, p 751, fn 13; 4 Wright and Miller, Federal Practice and Procedure, §§ 1131, 1132, pp 552, 553; *C. J. Wieland & Son Dairy Products Co.* v. *Wickard, supra,* fn 4; *Sechrist* v. *Palshook* (MD Pa, 1951), 97 F Supp 505; *Cooney* v. *Milwaukee R. Co.* (SD Iowa, 1964), 34 FRD 508, 510; *United States* v. *A. H. Fischer Lumber Co., supra,* fn 9; *Jackson* v. *Duke* (CA5, 1958), 259 F2d 3, 6. *Cf. Handy* v. *Uniroyal, Inc.* (D Del, 1969), 298 F Supp 301. The committee note to Rule 102.3 (reprinted as Annotation, 1 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 40) also indicates that an amendment of process "should be allowed, even if a statute of limitation bar is overcome".

[12] It is plaintiffs' position that RJA § 1913 should be construed to mean that where the mailed notice reaches the defendants a failure to serve a local representative is not fatal, at least where no agent is to be found within the state. Professor Hawkins, in his practice commentary, states, however, that "if an agent or employee of the nonresident defendant cannot be found within the state for substituted service under this provision, jurisdiction may still be obtained by serving the nonresident defendant outside the state" personally under RJA § 1912. Hawkins, Practice Commentary, 32 MCLA § 600.1913, p 763.